1  M. Jonathan Hayes (Bar No. 90388)
   **Law Office M. Jonathan Hayes**
2  9700 Reseda Blvd. Suite 201
   Northridge, California 91324
3  Telephone:  (818) 882-5600
   Facsimile:  (818) 882-5610
   jhayes@polarisnet.net
4

5  Attorney for Debtor
   Ian F. Mitchell

6

7              UNITED STATES BANKRUPTCY COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9              SAN FERNANDO VALLEY DIVISION

10

11 In re                          )  CASE NO.:   1:09-bk-23919-GM
                                  )
12 IAN F. MITCHELL,               )
                                  )  Chapter 11
13        Debtor.                 )
                                  )  **NOTICE OF MOTION AND MOTION**
14                                )  **OF DEBTOR IN POSSESSION FOR**
                                  )  **AUTHORITY TO USE CASH**
15                                )  **COLLATERAL; MEMORANDUM OF**
                                  )  **POINTS AND AUTHORITIES;**
16                                )  **DECLARATION OF IAN MITCHELL**
                                  )
17                                )  Date:     January 6, 2010
                                  )  Time:     10:00 a.m.
18                                )  Ctrm:     303
                                  )
19                                )
                                  )
20

21        TO THE HONORABLE GERALDINE MUND, UNITED STATES

22 BANKRUPTCY JUDGE, SECURED CREDITORS BANK OF AMERICA, BAY AREA

23 FINANCIAL, BANCO POPULAR, INDYMAC BANK, CHASE HOME LOANS, LORI

24 CHEVALIER, PETER MITCHELL, PHILLIP SCHOENWETTER, THE OFFICE OF

25 THE UNITED STATES TRUSTEE, OTHER CREDITORS AND PARTIES IN

26 INTEREST:

27        PLEASE TAKE NOTICE that on January 6, 2010, at 10:00 a.m., or as soon

28 thereafter as the matter may be heard, in Courtroom 303 of the above-entitled Court

**LAW OFFICES**
M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

                              1

                              Motion for Use of Cash Collateral

1 located at 21041 Burbank Boulevard, Woodland Hills, California 91367, Ian Mitchell, the

2 Debtor and Debtor-in-Possession (the "Debtor"), in the above-captioned chapter 11 case,

3 shall, and does hereby, move the Court for an Order Approving the Use of Cash Collateral

4 of BANK OF AMERICA, BAY AREA FINANCIAL, BANCO POPULAR, INDYMAC

5 BANK, CHASE HOME LOANS, LORI CHEVALIER, PETER MITCHELL, and

6 PHILLIP SCHOENWETTER (the "Secured Creditors") through February 28, 2010 as set

7 forth herein.  The basis for the motion is that the creditors are adequately protected and the

8 use of the Cash Collateral as proposed by the Debtor will preserve the Debtor's assets for

9 the benefit of this estate and the creditors, specifically including the secured creditors.

10     The Motion is based upon this Notice of Motion and Motion, the attached

11 declarations, all pleadings and records on file in this case, and upon such other evidentiary

12 matters as may be presented to the Court regarding the Motion.

13

14     PLEASE TAKE FURTHER NOTICE that pursuant to *Local Bankruptcy Rule*

15 *9013-1*, any party opposing the relief sought by the Motion must file a written opposition

16 setting forth the facts and law upon which the opposition is based and must appear at the

17 hearing on the Motion.  Any factual allegations set forth in such written response must be

18 supported by competent and admissible evidence.  Any response or opposition to the

19 Motion must be filed with the Court and served on the Debtor's counsel at least 14 days

20 prior to the scheduled hearing date on the Motion (not excluding Saturdays, Sundays or

21 legal holidays).  Such responses, if any, must be served on the Debtor's counsel at the

22 address noted in upper left-hand corner of the first page of this notice. Pursuant to *Local*

23 *Bankruptcy Rule 9013-1*, any response not timely filed and served may be deemed by the

24 Court to be consent to the granting of the relief requested by the Motion.

25

26     WHEREFORE, the Debtor respectfully requests that the Court enter an order

27 (i) authorizing the Debtor to use the Cash Collateral on the terms and conditions described

28

Motion for Use of Cash Collateral

LAW OFFICES
M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

1  in the Motion and the exhibits thereto and granting such other and further relief as is just

2  and proper under the circumstances.

3

   Dated: December 11, 2009

4

5

                                        By:          /s/  M. Jonathan Hayes

6                                           M. Jonathan Hayes
                                            Attorney for Debtor
7                                           Ian Mitchell

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LAW OFFICES**

M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

Motion for Use of Cash Collateral

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3

## I. STATEMENT OF FACTS

4      Ian Mitchell ("the Debtor”), Debtor in-Possession in the above-referenced Chapter

5  11 case, commenced his bankruptcy case by filing a voluntary petition under Chapter 11 of

6  11 U.S.C. § 101 et seq. (the "Bankruptcy Code") on October 21, 2009.  The Debtor is

7  operating his business and managing his financial affairs as a debtor-in-possession

8  pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

9      The Debtor is married to Maria Rivas who is not a debtor in any bankruptcy

10  proceeding.  They have two sons and live in their home at 3609 Seahorn Drive, Malibu,

11  CA 90265.  The Debtor is a mortgage broker who operates his business under the name of

12  Pinnacle Bancorp.

13      The Debtor and his wife own the following five rental properties (hereinafter the

14  "Rental Properties”) all located in San Pedro:

15

16

| Property address | FMV | Liens |
|---|---|---|
| 804 S. Leland St., San Pedro<br>4 residential units<br><br>Projected Monthly Rental Income: $7,600 | $1,100,000 "as is.”<br>$1,750,000 (as mapped – which is not completed) | 1st:  B of A; $996,000  (current)<br>2nd:  Bay Area; $455,000<br>3rd:  Lori Chevalier; $100,000 (cross-collateralized w/ 605 Pacific) |
| 623 W. 8th St., San Pedro<br>6 residential units<br><br>Projected Monthly Rental Income: $8,830 | $1,600,000 (as mapped as condos) | Banco Popular; $516,000  (Current)<br>Bay Area; $1,115,000<br>Lori Chevalier; $97,500 1) |
| 448 W. 14th St, San Pedro<br>4 residential units<br><br>Projected Monthly Rental Income: $4,096 | $600,000 | IndyMac; $627,000 (current)<br>B of A; $92,000 |
| 239 W. 14th St, San Pedro<br>3 residential units | $400,000 | IndyMac; $479,000 (current) |

17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

Motion for Use of Cash Collateral

| | | |
|---|---|---|
| Projected Monthly Rental Income: $2,927 | | |
| 605 S. Pacific Ave., San Pedro, 7 commercial units<br><br>Projected Monthly Rental Income: $11,087 | $1,700,000 | Chase Home Loans; $795,000 (current)<br>Phillip Schoenwetter; $100,000<br>Peter Mitchell; $10,000 2)<br>Lori Chevalier; $97,500  1) |

**       Note: all real property of the Debtor is owned by the Ian F. Mitchell and Maria De Lourdes Rivas Mitchell, Trustees of the Mitchell Family Living Trust dated August 11, 1999.

Note:  The Rental Properties are managed by Scott Brody, an unrelated individual, who collects the rent and pays the operating expenses.

Scott Properties Group
129 Hurricane Street
Marina del Rey, CA 90292
(310) 821-7505- Office
(310) 822-6505- Fax

448 & 239 14th Street were managed by Properties West Management Co. until late October, 2009 but are now managed by Brody who collects all rents.  Mr. Brody has opened separate cash collateral accounts for each of the properties and placing all of the rents into those accounts.  All of the accounts are at Union Bank of California.

Note:  The Secured Creditors shall maintain the particular priority each had prior to the petition date.  The priority listed in the chart above shall not be binding on any Secured Creditor or other party.  It is the Debtor's best estimate at this time of the priority of each Secured Creditor with respect to each property.

The Debtor filed his chapter 11 petition to give himself a chance to reorganize his financial affairs.  He has been named in a number of lawsuits and the plaintiff in one suit, Masjedi v. Mitchell, obtained an attachment against him within the past 90 days.

LAW OFFICES
M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

Motion for Use of Cash Collateral

1  The Debtor is informed and believes that the rent collected from the Rental

2  Properties constitutes Cash Collateral within the meaning of Section 363(a) of the

3  Bankruptcy Code.  It is the cash collateral of the Secured Creditors according to their

4  individual priorities.  The Debtor is not aware of any other entity asserting an interest in

5  the rent proceeds.

6  During the bankruptcy case, the Debtor must spend the amounts set forth below for

7  each property to maintain those properties.  Detailed projections are attached hereto as

8  **Exhibit "A."**

| Property address | Income | Cash Collateral to be Used on Operating Expenses/Repairs |
|---|---|---|
| 804 S. Leland St., San Pedro<br>4 residential units | $7,600 | December:  $7,600<br>January:  $7,600<br>February:  $7,600 |
| 623 W. 8th St., San Pedro<br>6 residential units | $8,830 | December:  $4,540<br>January:  $8,830 plus remainder of December rent<br>February:  $8,830 |
| 448 W. 14th St, San Pedro<br>4 residential units | $4,096 | December:  $1,554<br>January:  $1,554<br>February:  $1,554<br>    The Debtor will pay $2,000 each month to IndyMac as an adequate protection payment |
| 239 W. 14th St, San Pedro<br>3 residential units | $2,927 | December:  $1,475<br>January:  $2,297 plus remainder of December rent<br>February:  $2,297 |
| 605 S. Pacific Ave., San Pedro,<br>7 commercial units | $11,087 | December:  $5,935<br>January:  $2,876<br>February:  $4,417<br>    The Debtor expects to pay the regular mortgage payment to each of the secured creditors on this property. |

26
27  The Debtor believes that the expenses described in **Exhibit "A"** (the "Budget")

28  represent those expenses that the Debtor must pay in order to avoid significant and

LAW OFFICES
M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

Motion for Use of Cash Collateral

1  irreparable harm to the Rental Properties.  Although the Budget represents the Debtor's

2  best estimate of the necessary expenses associated with the business, the needs of the

3  business may fluctuate. Therefore, the Debtor requests Court authority to deviate from the

4  total expenses contained in the budget by no more than 10% and to deviate by category

5  (provided the Debtor does not pay any expenses outside any of the approved categories)

6  without the need for further Court order.

7       In order to continue the operation of the Rental Properties, and avoid irreparable

8  harm to the business, the Debtor must be authorized to use Cash Collateral to pay the

9  ordinary and necessary operating expenses of the Rental Properties.  If the Debtor's ability

10 to use Cash Collateral is interrupted, the Debtor will be unable to pay the necessary

11 utilities, insurance, landscaping, management fees etc.  The Debtor's business, and the

12 Debtor's prospects for a successful reorganization, would be significantly harmed.

13      The Debtor has communicated with Bay Area Financial and expects to have a cash

14 collateral stipulation in hand before the hearing on this motion.  The Debtor will attempt to

15 work out stipulations with each of the secured creditors before the hearing.

16

17 **II. <u>ADEQUATE PROTECTION</u>**

18      The Debtor proposes that he be authorized to use the Cash Collateral for the

19 purpose of paying the reasonable, necessary and ordinary expenses of operating the Rental

20 Properties which accrue from and after the Petition Date.  No expenditure will be made in

21 excess of any line item on **Exhibit "A,"** attached hereto, without the express written

22 consent of the appropriate Secured Creditor in advance unless such expenditure is an

23 emergency and then the debtor shall notify the appropriate Secured Creditor of the

24 expenditure immediately.

25      All indebtedness shall continue to accrue interest at the pre-petition contract rate

26 until a Plan of Reorganization is confirmed.  The Debtor will continue to be bound by the

27 terms and conditions set forth in the pre-petition agreements except as specifically

28 modified herein.  This shall not constitute a modification of the liens granted to the secured

**LAW OFFICES**
M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

Motion for Use of Cash Collateral

1  creditors by the Debtor pursuant to the various agreements between the parties and various

2  perfection documents.

3      If at any time the Debtor violates any provision of the Cash Collateral Order, any of

4  the Secured Creditors may give written notice of such the default to Debtor's counsel.  If

5  the Debtor fails to cure the default with the seven (7) days of said notice, the objecting

6  creditor shall be entitled to a hearing requesting relief from the automatic stay pursuant to

7  11 U.S.C. § 362 on an expedited basis.

8      The Debtor will provide each of the Secured Creditors or their counsel with copies

9  of all reports, pleadings, forms and/or documents filed with the United States Bankruptcy

10  Court and/or the United States Trustee within two business days after the same is provided

11  to the court or the U.S. Trustee.

12

13  **III.  DISCUSSION**

14      A.      _The Court Should Authorize The Debtor's Use of the Cash Collateral._

15      As a general matter, a debtor in possession is permitted to use property of the estate

16  in the ordinary course of business without the need for notice or a hearing. 11 U.S.C.

17  Section 363(c)(1). However, a debtor's use of cash collateral is an exception to this general

18  rule. Section 363(c)(2) provides in pertinent part:

19          "The [debtor in possession] may not use, sell, or lease cash

20          collateral ... unless

21          -

22          (A)      each entity that has an interest in

23          such    cash collateral consents; or

24          (B) the court, after notice and a hearing, authorizes such use,

25          sale or lease in accordance with the provisions of this section."

26  11 U.S.C. Section 363(c)(2).

27      Courts have consistently held that it is appropriate for a Chapter 11 debtor to use a

28  secured creditor's cash collateral for a reasonable period of time for the purpose of

LAW OFFICES
M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

Motion for Use of Cash Collateral

1    maintaining and operating its property. See *MBank Dallas, N.A. v. O'Connor) (In re*

2    *O'Connor)*, 808 F.2d 1393, 1397 (10th Cir. 1987). In addition, where, as here, the debtor is

3    operating a business, it is extremely important that use of cash collateral be allowed in

4    order to facilitate the goal of reorganization: "the purpose of Chapter 11 is to rehabilitate

5    debtors and generally access to cash collateral is necessary to operate a business." *In re*

6    *Dynaco Corporation*, 162 B.R. 389, 394 (Bankr. D.N.H. 1993), quoting *In re Stein*, 19

7    B.R. 458, 459 (Bankr. E.D. Pa. 1982).

8         As set forth above, if the Debtor's access to the Cash Collateral is interrupted for

9    even a brief period of time, the consequences would be disastrous. The Debtor would be

10   unable to operate and preserve the Rental Properties.  As such, the Debtor has determined

11   that it would be in the overwhelming best interests of the estate and his creditors to use the

12   Cash Collateral to continue to operate and maintain his business.

13        B.    *The Secured Creditors' Interests are Adequately Protected by the Value of*

14   *the Rental Properties and the Payments Proposed to be Made by the Debtor.*

15        Pursuant to Section 363(c)(2), the Court may authorize the debtor to use a secured

16   creditor's cash collateral if the Court determines that the secured creditor is adequately

17   protected. *Pistole v. Mellor (In re Mellor),* 734 F.2d 1396, 1400 (9th Cir. 1984). See also

18   *O'Connor*, *supra*, 808 F.2d at 1398; *McCombs Properties VI, Ltd. v. First Texas Savings*

19   *Association (In re McCombs Properties VI, Ltd.)*, 88 B.R. 261, 265 (Bankr. C.D. Cal.

20   1988).  In ordinary circumstances, a secured creditor is to be protected against a decrease

21   in value which directly affects the secured creditor's interest in its collateral. See *United*

22   *Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd*., 484 U.S. 365,

23   108 S.Ct. 626, 630, (1988); Section 506(a) of the Bankruptcy Code "limit(s) the secured

24   status of a creditor (i.e., the secured creditor's claim) to the lesser of the [allowed amount

25   of the] claim or the value of the collateral." *McCombs*, supra, 88 B.R. at 266.

26        As a general rule, a debtor may use cash collateral where such use would enhance

27   or preserve the value of the collateral. *In re Stein*, supra, 19 B.R. at 460; see also

28   *McCombs*, supra, 88 B.R. at 267.  The Debtor intends to use the Cash Collateral to operate

9

**LAW OFFICES**
M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

1   and preserve the Rental Properties as is set forth in **Exhibit "A."**  Some of the

2   expenditures involve repairs and city required work.  To the extent that the repairs exceed

3   the rental collections, the Debtor intends to use his personal funds to complete the work.

4   In the case of Leland and 8th Street, the repairs will increase the value of the property

5   which constitutes adequate protection.  The use of Cash Collateral is essential to continue

6   the ordinary maintenance and operations of the Rental Properties. Without the use of the

7   Cash Collateral, the Debtor will be unable to pay the utilities and insurance.  As such,

8   unless the Debtor is permitted to use the Cash Collateral, the value of the Rental Properties

9   will rapidly diminish.

10         C.      *In Determining Adequate Protection, The Court Should Promote*

11  *Reorganization*.

12         In determining adequate protection, Courts have stressed the importance of

13  promoting a debtor's reorganization. In *In re O'Connor*, supra, the Tenth Circuit stated:

14                 "In this case, Debtors, in the midst of a Chapter 11 proceeding,

15                 have proposed to deal with cash collateral for the purpose of

16                 enhancing the prospects of reorganization. This quest is the

17                 ultimate goal of Chapter 11. Hence, the Debtor's efforts are not

18                 only to be encouraged, but also their efforts during the

19                 administration of the proceeding are to be measured in light of

20                 that quest. Because the ultimate benefit to be achieved by a

21                 successful reorganization inures to all the creditors of the

22                 estate, a fair opportunity must be given to the Debtors to

23                 achieve that end. Thus, while interests of the secured creditor

24                 whose property rights are of concern to the court, the interests

25                 of all other creditors also have bearing upon the question of

26                 whether use of cash collateral shall be permitted during the

27                 early stages of administration."

28  808 F.2d at 1937.

**LAW OFFICES**
M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

Motion for Use of Cash Collateral

1    In order to promote Debtor's reorganization, the Court should grant the relief

2  requested herein. The Debtor has demonstrated herein that the use of the Cash Collateral as

3  proposed by the Debtor will preserve the Rental Properties for the benefit of this estate and

4  the creditors, specifically including the secured creditors.  Indeed, a successful

5  reorganization depends upon the use of Cash Collateral as proposed herein.

6

7    **IV.  <u>CONCLUSION</u>**

8    WHEREFORE, the Debtor respectfully requests that the Court enter an order

9  authorizing him to use the Cash Collateral on the terms and conditions described in the

10  Motion and the exhibits thereto and granting such other and further relief as is just and

11  proper under the circumstances.

12
    Dated:  December 11, 2009
13

14

15                              By:        /s/  M. Jonathan Hayes
                                      M. Jonathan Hayes
16                                    Attorney for Debtor
                                      Ian Mitchell
17

18

19

20

21

22

23

24

25

26

27

28

**LAW OFFICES**
M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

Motion for Use of Cash Collateral

## DECLARATION OF IAN MITCHELL

Ian Mitchell declares as follows:

1.     I am the Debtor in this chapter 11 case.  I have personal knowledge of the facts set forth herein, and, if called as a witness, I could and would testify competently with respect thereto. Where facts are alleged upon information and belief, I believe them to be true.

2.     I filed this chapter 11 case on October 21, 2009.  I am married to Maria Rivas who is not a debtor in any bankruptcy proceeding.  We have two sons and live in our home at 3609 Seahorn Drive, Malibu, CA 90265.  I am a mortgage broker.  I operate my business under the name of Pinnacle Bancorp.  My wife and I own five rental properties set forth in this motion.

3.     Attached hereto as Exhibit A are rent rolls for each of the five properties and a projected cash flow budget for each of the properties.  The rent rolls and budget were prepared by Scott Brody, the property manager.  Mr. Brody and I are not related.  I have reviewed the exhibit and believe it to be an accurate account of the properties.

4.     In intend to supplement the use of the rental income to do the required repairs as indicated in **Exhibit "A."**


I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11th day of December, 2009, at Los Angeles, California.


_____ /s/  Ian Mitchell_____

Ian Mitchell

**LAW OFFICES**
M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

12

Motion for Use of Cash Collateral

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:  9700 Reseda Blvd., Ste 201, Northridge, CA 91324.

The foregoing document described as **NOTICE OF MOTION AND MOTION OF DEBTOR IN POSSESSION FOR AUTHORITY TO USE CASH COLLATERAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF IAN MITCHELL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 12/11/09 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Scott C Clarkson    sclarkson@lawcgm.com
- Christine M Fitzgerald    cfitzgerald@lawcgm.com
- M Jonathan Hayes    jhayes@polarisnet.net
- Yale K Kim    ykim@allenmatkins.com
- Kary R Kump    dolores@jfarley.com
- David F Makkabi    cmartin@pprlaw.net
- S Margaux Ross    margaux.ross@usdoj.gov
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:** On **12/11/09,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**Hon. Geraldine Mund**
United States Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

Byron Fuentes
City of Los Angeles
221 N Figueroa St Ste 400
Los Angeles, CA 90012

Cynthia Martin
29350 W Pacific Coast Highway Ste 12
Malibu, CA 91364-6512

Motion for Use of Cash Collateral

LAW OFFICES
M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

1

☐ Service information continued on attached page

2

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on --/**09** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge hise constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

3

4

5

☐ Service information continued on attached page

6

7

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

8

9

| 12/11/09   MJ Hayes | /s/ MJ Hayes |
|---|---|
| *Date*          *Type Name* | *Signature* |

10

11

    1st Bank Yuma
    2755 S. 4th Ave., Bldg 2 Suite 101
    Yuma, AZ 85364

12

13

    April Corley
    5566 Strohm Ave.
    North Hollywood, CA 91601

14

15

    Arkin, Sneddon & & Co.
    6355 Topanga Canyon Blvd, Ste 225
    Woodland Hills, CA 91367

16

17

    Banco Popular
    3360 W. Olympic Blvd.
    Los Angeles, CA 90019

18

19

    Bank of America
    P.O, Box 15026
    Wilmington, DE 19850-5026

20

21

    Bank of America Home Loans
    P.O. Box 5170
    Simi Valley, CA 93062-5170

22

23

    Bay Area Financial Corp.
    12400 Wilshire Blvd., Suite 230
    Los Angeles, CA 90025

24

25

    Brad Duni & Stephen Steele
    c/o Stephen T. Owens
    555 S. Flower St., 31st Floor
    Los Angeles, CA 90071

26

27

    Chase Mastercard
    PO Box 15298
    Wilmington, DE 19850-5298

28

**LAW OFFICES**
M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

Motion for Use of Cash Collateral

1
2
Chester Swenson
3829 Mainsail Circle
Westlake Village, CA 91361

3
4
City National Bank
P.O. Box 60938
Los Angeles, CA 90060-0938

5
6
Diversified Risk Management, Inc.
8132 Firestone Blvd, Ste 862
Downey, CA 90241

7
8
Home Depot
P.O. Box 689100
Des Moines, IA 50368-9100

9
10
Indymac Mortgage Services
P.O. Box 4045
Kalamazoo, MI 49003

11
12
Los Angeles County Tax Coll
P O Box 54018
Los Angeles, CA 90054-0018

13
14
Mam Wealth Management Real Estate I
15456 Ventura Blvd, No. 302
Sherman Oaks, CA 91403

15
16
Marketing & Financial Management En
30497 Canwood St., #101
Agoura Hills, CA 91301

17
18
Michael & Lori Chevalier 2003 Trust
P.O. Box 2037
Venice, CA 90294

19
20
Noels Pools
P O Box 5884
Sherman Oaks, CA 91413

21
22
Peter Mitchell
112 Singletree Ridge
Telluride, CO 81435

23
24
Phillip & Janet Schoenwetter
1366 West 7th Street
San Pedro, CA 90732

25
26
RBZ Investment Incentive
11755 Wilshire Blvd., Ninth Floor
Los Angeles, CA 90025

27
28
Ronald Kolodziej
c/o Joseph P. Costa
1221 Second Street, 3rd Floor

**LAW OFFICES**
M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

Motion for Use of Cash Collateral

1

Santa Monica, CA 90401

2

Schmitz & Associates
c/o Cynthia Martin
29350 West Pacific Coast Hwy
Malibu, CA 90265

3

4

Wells Fargo
PO Box 54780
Los Angeles, CA 90054-0780

5

6

Whitson Engineers
9699 Blue Larkspur Lane, #105
Monterey, CA 93940

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LAW OFFICES**

M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

Motion for Use of Cash Collateral