| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Scott C. Clarkson, Esq. (SBN 143271)<br>Clarkson, Gore & Marsella, APLC<br>3424 Carson Street, Suite 350<br>Torrance, California 90503<br><br>(310) 542-0111<br>(310) 213-7254<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* BAY AREA FINANCIAL CORPORATION | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: Ian F. Mitchell | CHAPTER: 11 |
|---|---|
| | CASE NO.: 1:09-bk-23919-GM |
| | DATE: April 6, 2010<br>TIME: 10:00 a.m.<br>CTRM: 303<br>FLOOR: 3rd Floor |
| Debtor(s). | |

# NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (with supporting declarations)
**(MOVANT:** BAY AREA FINANCIAL CORPORATION **)**

**(Real Property)** 623 W. 8th St., Units 1-6, San Pedro, CA

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any) ("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. Hearing Location: ☐ 255 East Temple Street, Los Angeles    ☐ 411 West Fourth Street, Santa Ana
    ☒ 21041 Burbank Boulevard, Woodland Hills    ☐ 1415 State Street, Santa Barbara
    ☐ 3420 Twelfth Street, Riverside

3. a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

   b. ☐ This Motion is being heard on SHORTENED NOTICE. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence may be filed and served:

   ☐ at the hearing    ☐ at least _____ court days before the hearing.

   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

   (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the debtor and trustee, if any.

   (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009

**F 4001-1M.RP**
F4001MRP

Motion for Relief from Stay (Real Property) - *Page 2 of* 10     **F 4001-1M.RP**

| In re<br>Ian F. Mitchell | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| | Debtor(s). | CASE NO.: 1:09-bk-23919-GM |

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: March 15, 2010

Clarkson, Gore & Marsella, APLC
*Print Law Firm Name (if applicable)*

Scott C. Clarkson, Esq.
*Print Name of Individual Movant or Attorney for Movant*

*Signature of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*     **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - Page 3 of 10    F 4001-1M.RP

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| Ian F. Mitchell | | |
| | Debtor(s). | CASE NO.: 1:09-bk-23919-GM |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### (MOVANT: BAY AREA FINANCIAL CORPORATION )

1. **The Property at Issue:** Movant moves for relief from the automatic stay with respect to following real property (the "Property"):

   *Street Address:* 623 W. 8th Street
   *Apartment/Suite No.:* Unit 1-6
   *City, State, Zip Code:* San Pedro, California 90731

   Legal description or document recording number (including county of recording):
   PLEASE SEE EXHIBIT "A"
   [X] See attached continuation page.

2. **Case History:**
   a. [X] A voluntary  [ ] An involuntary  petition under Chapter  [ ] 7  [X] 11  [ ] 12  [ ] 13
      was filed on *(specify date):* 10/21/09
   b. [ ] An Order of Conversion to Chapter  [ ] 7  [ ] 11  [ ] 12  [ ] 13
      was entered on *(specify date):*
   c. [ ] Plan was confirmed on *(specify date):*
   d. [ ] Other bankruptcy cases affecting this Property have been pending within the past two years. See attached Declaration.

3. **Grounds for Relief from Stay:**
   a. [X] Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:
      (1) [X] Movant's interest in the Property is not adequately protected.
         (a) [X] Movant's interest in the collateral is not protected by an adequate equity cushion.
         (b) [X] The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.
         (c) [ ] No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor(s).
         (d) [ ] Payments have not been made as required by an Adequate Protection Order previously granted in this case.
      (2) [ ] The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.
         (a) [ ] Movant is the only creditor or one of very few creditors listed on the master mailing matrix.
         (b) [ ] Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.
         (c) [ ] The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No other Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) have been filed.
         (d) [ ] Other (See attached continuation page).

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009    F 4001-1M.RP

Motion for Relief from Stay (Real Property) - *Page 4 of 10*   **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| Ian F. Mitchell | Debtor(s). | CASE NO.: 1:09-bk-23919-GM |

(3) ☐ *(Chapter 12 or 13 cases only)*
    (a) ☐ Postconfirmation plan payments have not been made to the Standing Trustee.
    (b) ☐ Postconfirmation payments required by the confirmed plan have not been made to Movant.

(4) ☐ For other cause for relief from stay, see attached continuation page.

(b) ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

(c) ☐ Pursuant to 11 U.S.C. § 362(d)(3), Debtor(s) has/have failed within the later of 90 days after the petition or 30 days after the court determined that the Property qualifies as single asset real estate to file a reasonable plan of reorganization or to commence monthly payments.

(d) ☐ Pursuant to 11 U.S.C. § 362(d)(4), Debtor's(s) filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:
    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or
    (2) ☐ Multiple bankruptcy filings affecting the Property.

4. ☐ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*
    a. ☒ Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.
    b. ☐ Other Declaration(s) are also attached in support of this Motion.
    c. ☐ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor(s)'s Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____.
    d. ☐ Other evidence *(specify)*:

6. ☒ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following** *(specify forms of relief requested)*:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

3. ☒ Additional provisions requested:
    a. ☒ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
    b. ☒ That the 10-day stay described by Bankruptcy Rule 4001(a)(3) be waived.
    c. ☐ That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009   **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 5 of* 10    **F 4001-1M.RP**

| In re<br>Ian F. Mitchell | (SHORT TITLE)<br>Debtor(s). | CHAPTER: 11<br>CASE NO.: 1:09-bk-23919-GM |
|---|---|---|

    d. [X] For other relief requested, see attached continuation page.

4. If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: March 15, 2010

Respectfully submitted,

Bay Area Financial Corporation
*Movant Name*

Clarkson, Gore & Marsella, APLC
*Firm Name of Attorney for Movant (if applicable)*

By: /s/ [signature]
*Signature*

Name: Scott C. Clarkson, Esq.
*Typed Name of Individual Movant or Attorney for Movant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 4001-1M.RP**

SCOTT C. CLARKSON, ESQ. SBN 143271
EVE A. MARSELLA, ESQ. SBN 165797
CHRISTINE M. FITZGERALD, ESQ. SBN 259014
CLARKSON, GORE & MARSELLA
A PROFESSIONAL LAW CORPORATION
3424 Carson Street, Suite 350
Torrance, California 90503
(310) 542-0111 Telephone
(310) 214-7254 Facsimile

Attorneys for Creditor, Bay Area
Financial Corporation

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

In re

Ian F. Mitchell,

　　　　　Debtor.

Case No. 1:09-bk-23919-GM

Chapter 11

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO RELIEF FROM AUTOMATIC STAY

Date: April 6, 2010
Time: 10:00 a.m.
Ctrm: 303
　　　21041 Burbank Blvd
　　　Woodland Hills, CA

TO THE HONORABLE KATHLEEN THOMPSON, UNITED STATES BANKRUPTCY JUDGE AND ALL INTERESTED PARTIES:

Bay Area Financial Corporation ("Bay Area"), a secured creditor to Chapter 11 debtor, Ian F. Mitchell ("Debtor"), hereby submits its Supplemental Memorandum of Points and Authorities in support of its Motion for Relief from Automatic Stay (the "Motion").

///

///

///

///

# I.

# INTRODUCTION

Bay Area seeks relief from the automatic stay with respect to the following real property: 623 W. 8th Street, Unit 1-6, San Pedro, California 90731 (the "Property"). A true and correct copy of a legal description of the property is attached to the Motion as Exhibit "A". Bay Area seeks relief from stay so it may file a state court action against the Debtor for specific performance to appoint a receiver to conserve, manage, maintain, and collect the rents from the Property and make appropriate payments to maintain the payments of the first trust deed holder.

# II.

# STATEMENT OF THE CASE

On or about April 16, 2008, the Debtor executed an Optional Advance Note "the Note", promising to pay Bay Area the principal sum of $1,115,000.00, or so much thereof as shall at any time be advanced by the lender, plus interest on the unpaid principal. A true and correct copy of the Note is attached to the Declaration of Vincent J. Lombardo as Exhibit "C". The Note is secured by a second deed of trust ("Trust Deed") on real property commonly known as 623 W. 8th Street, Unit 1-6, San Pedro, California 90731 (the "Premises"). A true and correct copy of the Trust Deed is attached to the Declaration of Vincent J. Lombardo as Exhibit "B". The Trust Deed was recorded in the Los Angeles County Recorder's Office on April 18, 2008.

On October 21, 2009, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On or around November 5, 2009, the Debtor filed the schedules, Statement of Financial Affairs and other bankruptcy papers.

# III.

# AUTHORITY FOR RELIEF FROM STAY UNDER §362(d)

Pursuant to §362 the Court shall, at the request of a party in interest and notice and a hearing, grant relief from stay. 11 U.C.S. §362(d) provides "On request of a party in interest and after notice and a hearing, the court shall grant relief from stay provided under subsection (a) of this section such as by terminating, annulling modifying or conditioning such stay". *11 U.S.C.*

1  §362(d).

2    1. <u>Cause under 11 U.S.C. §362(d)(1)</u>

Cause exists under §362(d)(1) to grant Bay Area's request because Bay Area's interest in the Property is not adequately protected by an adequate equity cushion, the fair market value of the Property is declining, and payments are not being made to Bay Area sufficient to protect Bay Area's interest against that decline. §362(d)(1) provides "for cause, including the lack of adequate protection of an interest in property of such party in interest". *11 U.S.C. §362(d)(1)*.

Here there is no equity cushion to protect Bay Area's interest in the Property. The Debtor's schedules represent that the fair market value of the property is $1,550,000.00. A true and correct copy of Schedule A is attached to the Motion as Exhibit "E". The Debtor's schedules represent that there is a first deed of trust on the Property with Banco Popular for $516,225.49, Bay Area holds the second deed of trust on the Property for $1,115.000.00, and there is a third deed of trust with Michael & Lori Chevalier 2003 Trust for $100,000.00. A true and correct copy of Schedule D is attached to the Motion as Exhibit "F".

Further, the fair market value of the property is declining based on the economic real estate climate and the last payment Bay Area received from the Debtor was on or around July 29, 2009 (See Declaration of Vincent J. Lombardo attached to the Motion). Bay Area believes that the Debtor is collecting rent from tenants of the Property, but is not paying any monies from the rents received over to either Banco Popular (the holder of the first deed of trust) or Bay Area (the holder of the second deed of trust). The second deed of trust to Bay Area provides that Debtors, as Trustee, assigned to Bay Are the rents, issues and profits of the Property for the purpose of securing the performance of the agreements contained in the second deed of trust and payment of the indebtedness (Please see Exhibit "B" attached to the Declaration of Vincent J. Lombardo). The second deed of trust further provides that Bay area may obtain the appointment of receiver, without notice, to enforce the assignment of rents, issued and profits provisions (Please see Exhibit "B" attached to the Declaration of Vincent J. Lombardo).

///

2. Cause under 11 U.S.C. §362(d)(2)

Cause exists under §362(d)(2)(A) to grant Bay Area's request because the Debtor has no equity in the Property and the Property is not necessary to an effective reorganization. §362(d)(2) provides "with respect to a stay of an act against property under subsection (a) of this section, if- (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization;". *11 U.S.C. §362(d (2).*

Here the Debtor has no equity in the Property. The Debtor's schedules represent that the fair market value of the property is $1,550,000.00. A true and correct copy of Schedule A is attached to the Motion as Exhibit "E". The Debtor's schedules represent that there is a first deed of trust on the Property with Banco Popular for $516,225.49, Bay Area holds the second deed of trust on the Property for $1,115,000.00, and there is a third deed of trust with Michael and Lori Chevalier 2003 Trust for $100,000.00. A true and correct copy of Schedule D is attached to the Motion as Exhibit "F". Also, the Cash Collateral Motion states that the Property's fair market value is $1,600,000 (although the Schedules estimate its value at $1,550,000). Even assuming the value is this higher amount ($1,600,000), because the total amount of the loans secured by the Property ($1,728,500) exceeds the fair market value of the Property ($1,600,000), the Debtor has no equity in the Property.

Also, the Property is not necessary to an effective reorganization. *See In re Ambanc in Mesa Ltd. Partnership*, 1993 U.S. App. LEXIS 12828, 2 (9th Cir. 1993) (Unpublished) citing *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375-76 (1988) ("it is the burden of the *debtor* to establish that the collateral at issue is 'necessary to an effective reorganization.' What this requires is not merely showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect*. This means . . . that there must be a reasonable possibility of a successful reorganization within a reasonable time.'") (emphasis in original); *see also In re Jorgensen*, 66 B.R. 104, 108 (B.A.P. 9th Cir. 1986) ("Feasibility has

been defined as whether the things which are to be done after confirmation can be done as a practical matter under the facts. *In re Clarkson*, 767 F.2d 417 (8th Cir. 1985).").

According to the pleadings and operating reports filed in this case, the Debtor is a mortgage broker, and he and his wife own the Properties. BAFC has loans secured by two of the Debtor's Properties. As explained below, the debtor's income does not appear to exceed expenses, and the debtor does not appear to have any equity in the Debtor's Properties, so it appears that he cannot reorganize. In addition, the Debtor has no equity in the Property, which is the subject of the Motion.

From the Debtor's operating reports, in October and November of 2009, the Debtor's income as a mortgage broker was significantly less than disbursements by the Debtor and his wife. They spent about $24,000 per month while the report for October did not indicate they had any income, and for November, the deposits were about $16,200. It appears that those deposits came from the Debtor's efforts as a mortgage broker.

The Cash Collateral Motion indicates that during the next few months, the income from the Properties will only exceed expenses by $7,500 - $9,200 because of the need for maintenance and other costs, not including debt service. Even if debt service were estimated to be 5% per year and if it were assumed that the Debtor only paid interest, the loss is about $13,000 per month. However, the monthly shortfall is likely to be significantly more than this. The interest rate on BAFC's loan on the Properties is 5.00 percentage points above the prime loan rate. According to www.bankrate.com, the prime rate during the last week of February, 2010 was 3.25%, so the interest rate according to this formula would be 8.25%.

The Debtor's income as a mortgage broker does not appear to support his personal expenses and, even if it did, it apparently would be insufficient to cover any shortfall from rents for ongoing expenses. Because completion of the condo projects would likely require

significantly more capital than can be supported by the Debtor's income, it seems very unlikely that the Debtor can reorganize so that the Debtor's income will exceed expenses.

Accordingly, it is not feasible for the Debtor to reorganize and go forward with his businesses of being a mortgage broker and operating the Properties.

## IV.

## CONCLUSION

Based on the foregoing, Bay Area respectfully submits that the Court grant Bay Area's Motion for Relief from Automatic Stay, so that Bay Area may initiate a state court action against the Debtor for specific performance to appoint a receiver to collect rent from the Property, and direct such payments appropriately to the senior secured lender and for the Movant to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

Dated: March 15, 2010

CLARKSON, GORE & MARSELLA
A Professional Law Corporation

By: /s/
Scott C. Clarkson
Christine M. Fitzgerald
Counsel for Creditor, Bay Area Financial Corporation

# SUPPLEMENTAL DECLARATION OF VINCENT J. LOMARDO

I, Vincent J. Lombardo, declare as follows:

1. I am the Secretary and General Counsel to Bay Area Financial Corporation, ("Bay Area"). I have personal knowledge of the following, or have gained such knowledge from my review of the records of the Debtor, which are obtained, created and maintained in the ordinary course of business, and if called as a witness, could and would competently testify thereto.

2. I am one of the custodians of the books, records and files of Bay Area that pertain to the loans and extensions of credit given to Ian F. Mitchell (the "Debtor") in the above captioned proceeding, concerning the Property located at 623 W. 8th Street, Unit 1-6, San Pedro, California 90731 (the "Property"). I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge from them from the business records of Bay Area on behalf of Bay Area, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Bay Area's business at or near the time by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.
The Debtor filed a Chapter 11 petition on October 21, 2009.

3. Bay Area is informed and believes the Debtor is collecting rent from tenants of the Property, but is not paying any monies from the rents received over to either Banco Popular (the holder of the first deed of trust) or Bay Area (the holder of the second deed of trust).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration is executed on March _15_, 2010, at _Los Angeles_, California.

_____
Vincent J. Lombardo

---
Supplemental Memorandum of Points and Authorities in Support of
Motion for Relief from Stay

7

SCOTT C. CLARKSON, ESQ. SBN 143271
EVE A. MARSELLA, ESQ. SBN 165797
CHRISTINE M. FITZGERALD, ESQ. SBN 259014
CLARKSON, GORE & MARSELLA
A PROFESSIONAL LAW CORPORATION
3424 Carson Street, Suite 350
Torrance, California 90503
(310) 542-0111 Telephone
(310) 214-7254 Facsimile

Attorneys for Creditor, Bay Area
Financial Corporation

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>Ian F. Mitchell,<br><br>Debtor. | Case No. 1: 09-bk-23919-GM<br><br>Chapter 11<br><br>ATTACHED CONTINUATION PAGE TO 3(D) TO NOTICE OF MOTION AND MOTION FOR RELIEF FROM AUTOMATIC STAY<br><br>Date: February 4, 2010<br>Time: 9:30 a.m.<br>Ctrm: 303<br>      21041 Burbank Blvd<br>      Woodland Hills, CA |

Additional provisions requested, that the relief from the stay is granted as to the Movant, so that the Movant may file a state court action against the Debtor for specific performance to appoint a receiver to conserve, manage, maintain, and collect the rents from the Property and make appropriate payments to maintain the payments of the first and second trust deed holders and for the Movant to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

Supplemental Memorandum of Points and Authorities in Support of
1    Motion for Relief from Stay

# EXHIBIT "A"

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

EXHIBIT "A"

Legal Description

LOT 12 IN BLOCK 4 OF THE CENTRAL HOME, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1 PAGE 97 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY

MORE COMMONLY KNOWN AS 623 West 8th Street, Units 1 - 6, San Pedro, CA 90731.

Motion for Relief from Stay (Real Property) - Page 6 of 10    F 4001-1M.RP

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| Ian F. Mitchell | Debtor(s). | CASE NO.: 1:09-bk-23919-GM |

# REAL PROPERTY DECLARATION
## (MOVANT: BAY AREA FINANCIAL CORP. )

I, Vincent I. Lombardo , declare as follows:
*(Print Name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion ("Property") because *(specify)*:

   [ ] I am the Movant and owner of the Property.
   [ ] I manage the Property as the authorized agent for the Movant.
   [X] I am employed by Movant as *(state title and capacity)*: Secretary and General Counsel
   [ ] Other *(specify)*:

2. I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor(s) concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. a. The address of the Property that is the subject of this Motion is:

   Street Address: 623 W. 8th Street
   Apartment/Suite No.: Unit 1-6
   City, State, Zip Code: San Pedro, California 90731

   b. The legal description or document recording number (including county of recording) set forth in Movant's Deed of Trust is attached as Exhibit "A" .

   [ ] See attached page.

4. Type of property *(check all applicable boxes)*:
   a. [ ] Debtor's(s') principal residence    b. [ ] Other single family residence
   c. [X] Multi-unit residential    d. [ ] Commercial
   e. [ ] Industrial    f. [ ] Vacant land
   g. [ ] Other *(specify)*:

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009    F 4001-1M.RP

Motion for Relief from Stay (Real Property) - Page 7 of 10

F 4001-1M.RP

| In re<br>Ian F. Mitchell | (SHORT TITLE)<br><br>Debtor(s). | CHAPTER: 11<br>CASE NO.: 1:09-bk-23919-GM |
|---|---|---|

5. Nature of Debtor's(s') interest in the Property:
   a. [X] Sole owner
   b. [ ] Co-owner(s) *(specify)*:
   c. [ ] Lien holder *(specify)*:
   d. [ ] Other *(specify)*:
   e. [ ] Debtor(s)  [X] did  [ ] did not list the Property in the Schedules filed in this case.
   f. [ ] Debtor(s) acquired the interest in the Property by  [ ] grant deed  [ ] quitclaim deed  [X] trust deed
      The deed was recorded on: April 18, 2008

6. Amount of Movant's claim with respect to the Property:

   |   |   | PREPETITION | POSTPETITION | TOTAL |
   |---|---|---|---|---|
   | a. | Principal: | $1,104,205 | $ | $1,104,205 |
   | b. | Accrued Interest: | $ 55,750 | $ 10,344 | $ 66,094 |
   | c. | Late Charges: | $ | $ 1,862 | $ 1,862 |
   | d. | Costs (Attorney's Fees, Other Costs): | $ 17,975 | $ | $ 17,975 |
   | f. | Advances (Property Taxes, Insurance): | $ | $ | $ |
   | g. | TOTAL CLAIM as of January 4th, 2010: | $1,188,725 | $ 12,206 | $1,190,136 |

   h. [X] Loan is all due and payable because it matured on *(specify date)*: 10/13/08

7. Movant holds a [X] deed of trust [ ] judgment lien [ ] other *(specify)*
   that encumbers the Property.
   a. A true and correct copy of the document as recorded is attached as Exhibit "B".
   b. A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit "C".
   c. [ ] A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit _____.

8. Status of Movant's claim relating to the Property *(fill in all applicable information requested below)*:
   a. Current interest rate: 5.0%
   b. Contractual maturity date: October 13, 2008
   c. Amount of current monthly payment: $ Note is entirely due
   d. Number of PREPETITION payments that have come due and were not made: 15. Total amount: $ 1,099,899
   e. Number of POSTPETITION payments that have come due and were not made: ___. Total amount: $ _____
   f. Date of POSTPETITION default:
   g. Last payment received on the following date: July 29, 2009
   h. Notice of default recorded on the following date: N/A
   i. Notice of sale recorded on the following date: N/A
   j. Foreclosure sale originally scheduled for the following date: N/A
   k. Foreclosure sale currently scheduled for the following date: N/A
   l. Foreclosure sale already held on the following date: N/A
   m. Trustee's deed on sale already recorded on the following date:
   n. Future payments due by time of anticipated hearing date *(if applicable)*:
      An additional payment of $ _____ will come due on _____, and on the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late charge of $ _____ will be charged to the loan.

9. Attached hereto as Exhibit "D" is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor(s) since the petition date.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009

F 4001-1M.RP

Motion for Relief from Stay (Real Property) - Page 8 of 10

F 4001-1M.RP

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| Ian F. Mitchell | Debtor(s). | CASE NO.: 1:09-bk-23919-GM |

10. [X] *(Chapter 7 and 11 cases only)*: The fair market value of the entire Property is $ __1,550,000__, established by:
   a. [ ] Appraiser's declaration with appraisal attached herewith as Exhibit _____.
   b. [ ] A real estate broker or other expert's declaration regarding value attached as Exhibit _____.
   c. [X] A true and correct copy of relevant portion(s) of Debtor's(s') Schedules attached as Exhibit __"E"__.
   d. [ ] Other *(specify)*:

11. [X] The fair market value of the Property is declining based on/due to: __Economic real estate climate__

12. [X] **Calculation of equity in Property:**
   a. Based upon [ ] preliminary title report [X] Debtor's(s') admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

   | | Name of Holder | Amount as Scheduled by Debtor(s) (if any) | Amount Known to Declarant and Source |
   |---|---|---|---|
   | 1st Deed of Trust: | Banco Popular | $516,225.49 | |
   | 2nd Deed of Trust: | Bay Area Financial | $1,115,000.00 | |
   | 3rd Deed of Trust: | Chevalier 2003 Trust | $100,000.00 | |
   | Judgment Liens: | | | |
   | Taxes: | | | |
   | Other: | | | |
   | **TOTAL DEBT:** | **$ 1,731,225.40** | | |

   b. Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached as Exhibit __"F"__, and consists of:
      [ ] Preliminary title report
      [X] Relevant portions of Debtor's(s') Schedules as filed in this case
      [ ] Other *(specify)*:

   c. Subtracting the deed(s) of trust and other lien(s) set forth above from the value of the Property as set forth in Paragraph 10 above, the Debtor's(s') equity in the Property is $ __-181,225__ (§ 362(d)(2)(A)).

   d. The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $ __0.00__ (§ 362(d)(1)).

   e. Estimated costs of sale: $ __93,000__   (Estimate based upon __6__ % of estimated gross sales price)

13. [ ] *(Chapter 12 and 13 cases only)* Chapter 12 or 13 case status information:
   a. 341(a) Meeting currently scheduled for (or concluded on) the following date:
      Confirmation hearing currently scheduled for (or concluded on) the following date:
      Plan confirmed on the following date *(if applicable)*:
   b. Postpetition/preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

      | | | | | |
      |---|---|---|---|---|
      | *(Number of)* _____ payment(s) due at $ _____ | each | = | $ _____ |
      | *(Number of)* _____ payment(s) due at $ _____ | each | = | $ _____ |
      | *(Number of)* _____ late charge(s) at $ _____ | each | = | $ _____ |
      | *(Number of)* _____ late charge(s) at $ _____ | each | = | $ _____ |

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009

F 4001-1M.RP

Motion for Relief from Stay (Real Property) - Page 9 of 10    **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| Ian F. Mitchell | Debtor(s). | CASE NO.: 1:09-bk-23919-GM |

    c.    Postpetition/preconfirmation advances or other charges due but unpaid:    $ _____
        (See attachment for details of type and amount.)

        **TOTAL POSTPETITION/PRECONFIRMATION DELINQUENCY:**    $ _____

    d.    Postconfirmation payments due BUT REMAINING UNPAID since plan confirmation *(if applicable)*:

        (Number of) _____ payment(s) due at $ _____ each = $ _____
        (Number of) _____ payment(s) due at $ _____ each = $ _____
        (Number of) _____ late charge(s) at $ _____ each = $ _____
        (Number of) _____ late charge(s) at $ _____ each = $ _____

    e.    Postconfirmation advances or other charges due but unpaid:    $ _____
        (See attachment for details of type and amount.)

        **TOTAL POSTCONFIRMATION DELINQUENCY:**    $ _____

    f.    [ ]  The claim is provided for in the Chapter 12 or 13 Plan. Plan payment history is attached as Exhibit _____.

    g.    [ ]  See attached Declaration(s) of Chapter 12 or 13 Trustee regarding receipt of payments under the plan *(attach Court Form F 4001-1M.13)*.

14.  [ ]  Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

15.  [ ]  The court determined that the Property qualifies as single asset real estate on _____. More than 90 days have passed since the filing of the petition, more than 30 days have passed since the court determined that the Property qualifies as single asset real estate, the Debtor(s) has/have not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time or the Debtor(s) has/have not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

16.  [ ]  See attached continuation page for facts establishing that the bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

17.  [ ]  The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved:

    a.  [ ]  The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b.  [ ]  Multiple bankruptcy filings affecting the Property. The multiple bankruptcy filings include the following cases:

        1.  Case Name:
            Case Number:            Chapter:
            Date Filed:               Date Dismissed:         Date Discharged:
            Relief from stay re this property    [ ] was  [ ] was not granted.

        2.  Case Name:
            Case Number:            Chapter:
            Date Filed:               Date Dismissed:         Date Discharged:
            Relief from stay re this property    [ ] was  [ ] was not granted.

        3.  [ ] See attached continuation page for more information about other bankruptcy cases affecting the Property.

    [ ]  See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                      **F 4001-1M.RP**

| Motion for Relief from Stay (Real Property) - Page 10 of 10 | F 4001-1M.RP |
|---|---|
| In re (SHORT TITLE)<br>Ian F. Mitchell | CHAPTER: 11 |
| Debtor(s). | CASE NO.: 1:09-bk-23919-GM |

18. [X] Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

   a. [ ] These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. [ ] Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 17(b) above.

   c. [ ] For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on March __15__, 2010, at __LOS ANGELES__, California (city, state).

Vincent I. Lombardo
_Print Declarant's Name_

_Signature of Declarant_

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

_January 2009_                                                                                                F 4001-1M.RP