# EXHIBIT "A"

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003, All rights reserved.

EXHIBIT "A"

Legal Description

LOT 12 IN BLOCK 4 OF THE CENTRAL HOME, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1 PAGE 97 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY

MORE COMMONLY KNOWN AS 623 West 8th Street, Units 1 - 6, San Pedro, CA 90731.

# EXHIBIT "B"

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

 

**This page is part of your document - DO NOT DISCARD**

 **20080680780**   Pages: 007

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

04/18/08 AT 08:00AM

Fee: 46.00
Tax: 0.00
Other: 0.00
Total: 46.00

**Title Company**

**TITLE(S) :**

  

L E A D   S H E E T

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.     Number of AIN's Shown

     **THIS FORM IS NOT TO BE DUPLICATED** 

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

EQUITY TITLE

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO
Bay Area Financial Corporation
CFL License No 603-1881
12400 Wilshire Blvd., Ste 230
Los Angeles, CA 90025

04/18/08

20080680780

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DEED OF TRUST AND ASSIGNMENT OF RENTS AND REQUEST FOR SPECIAL NOTICE

*This Document Provided by Commonwealth Land Title Company*

This Deed of Trust, made this 16th day of April , 2008                                                ,between IAN F. MITCHELL   AND

MARIA DE LOURDES RIVAS MITCHELL, TRUSTEES OF THE MITCHELL FAMILY LIVING TRUST DATED AUGUST 11,

1999 here in called Trustor, whose address is 3609 Seahorn Blvd., Malibu, CA 90265  and Bay Area Financial Corporation, a

California Corporation, herein called Beneficiary, whose address is 12400 Wilshire Blvd , Ste. 230, Los Angeles, CA 90025

and JOB INSURANCE AGENCY,  A California corporation, herein called Trustee.

Witnesseth: THAT TRUSTOR IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH
POWER OF SALE, that property in Los Angeles County, California, described as

See Exhibit "A" attached hereto and by this reference, incorporated herein.
Additionally this deed of trust is subject to the terms and conditions as set forth in "Rider No  1" which is attached hereto
and made a part hereof

TOGETHER WITH the rents, issues and profits thereof, SUBJECT HOWEVER, to the right, power and authority given to and
conferred upon Beneficiary by paragraph (11) of the provisions set forth below to collect and apply such rents, issues and profits
For the Purpose of Securing. 1  Performance of each agreement of Trustor incorporated by reference or contained
herein 2  Payment of the indebtedness evidence by one promissory note of even date herewith, and any extension of renewal
thereof, in the principal sum of $1,115,000.00 executed by Trustor in favor of Beneficiary or order   3.  Payment of such further
sums as the then record owner of such property hereafter may borrow from Beneficiary, when evidenced by another note (or
notes) reciting it is so secured

To Protect the Security of This Deed of Trust, Trustor Agrees
    (1)  That Trustor will observe and perform said provisions; and that the referenced to property, obligations, and parties in
said provisions shall be construed to refer to the property, obligations and parties set forth in this Deed of Trust
    (2)  To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or
restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon
and to pay when due all claims for labor performed and materials furnished therefore, to comply with all laws affecting said
property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit,
suffer or permit any act upon said property in violations of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts
which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding
the general.
    (3)  To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary  The
amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured herein
and in such order as beneficiary may determined or at option of Beneficiary the entire amount so collected or any part hereof may
be released to Trustor  Such application or release shall not cure or waive any default or notice of default hereunder or
invalidate any act done pursuant to such notice

PAGE 1

LA08d065

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003, All rights reserved.

3

(4)  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of the Beneficiary or Trustee, and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to record this Deed

(5)  To pay, at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or a part thereof, which appear to be prior to superior hereto, all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may be deemed necessary to protect the security herein Beneficiary or Trustee being authorized to enter upon said property for such purposes, appear in and defend any action or preceding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees

(6)  To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereon, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded

(7)  That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary, who may apply or release such monies received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance

(8)  That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(9)  That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may; reconvey any part of said property. consent to the making of any map or plat thereof, join in granting any easement therein; or join in any extension agreement or any agreement subordinating the lien or charge hereof

(10) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property held hereunder  The recitals in such RECONVEYANCE of any matters or facts shall be conclusive proof of the truthfulness thereof.  The grantee in such reconveyance may described as "The person or persons legally entitled thereto"  Five years after issuance of such full RECONVEYANCE, Trustee may destroy said Note and this Deed (unless directed in such request to retain them)

(11) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving until Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collected and retain such rents, issues and profits as they become due and payable  Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents issues and profits, including those past due and unpaid, and apply the same, less costs and expense of operation and collection, including reasonably attorney's fees, upon indebtedness secured hereby, and in such order as Beneficiary may determined.  The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice

(12) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record  Beneficiary also shall post it with Trustee this Deed said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required y law, Trustee without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determined, a public auction to the highest bidder for cash in lawful money of the United States, payable a the time of sale.  Trustee may postpone sale of all or a portion of said property by public announcement of such time and place of sale, and from time to time thereafter may postpone sale by public announcement at the time fixed by the preceding postponement.  Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied  The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof.  Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale

(13) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in wiring, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the County or Counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties  Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee

PAGE 2

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003, All rights reserved.

(14) That this Deed applies to, insures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns   The term Beneficiary shall mean the owner and holder, including pledges of the note secured hereby whether or not named as Beneficiary herein.  In this Deed, whenever the contest so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural

(15) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law  Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

The undersigned Trustor request that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

In accordance with Section 2924b, Civil Code, request is hereby made by the undersigned TRUSTOR that a copy of any Notice of Default and a copy of any Notice of Sale under Deed of trust recorded on February 7, 2003, Instrument No. 03-0377076, in Book N/A, Page N/A, of Official Records in the Office of the County Recorder of Los Angeles as affecting above described property, executed by Ian F Mitchell and Maria De Lourdes Rivas Mitchell, Trustees of the Mitchell Family trust Dated August 11, 1999, as Trustor in which is named Quaker City Financial Corp., a California Corporation, as Trustee, in which is named Quaker City Bank, a Federally Chartered Savings Association, as Beneficiary be mailed to Bay Area Financial Corporation , a California Corporation whose address is 12400 Wilshire Blvd , Ste 230, Los Angeles, CA 90025

NOTICE   A copy of any Notice of Default and of any Notice of Sale will be sent to the address contained in this record request if you address changes, a new request must be recorded

Dated   April 16, 2008

IAN F. MITHCELL AND MARIA DE LOURDES RIVAS
MITCHELL, TRUSTEES OF THE MITCHELL FAMILY
LIVING TRUST DATED AUGUST 11, 1999

By: IAN F. MITCHELL, TRUSTEE

By: MARIA DE LOURDES RIVAS MITCHELL, TRUSTEE

STATE OF CALIFORNIA
COUNTY OF Los Angeles                    )ss.
On April 16, 2008              before me, Daniel Gat, NOTARY Public (insert name) Notary Public.
personally appeared Ian F. Mitchell & Maria De Lourdes Rivas Mitchell
proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY AND PERJURY under the laws of the State of California that the foregoing paragraph is true and correct

WITNESS my hand and official seal

Signature

DANIEL GAT
COMM. #1492450
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm Exp May 28 2008

PAGE 3

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003, All rights reserved.

EXHIBIT "A"

Legal Description


LOT 12 IN BLOCK 4 OF THE CENTRAL HOME, IN THE CITY OF LOS ANGELES,
COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN
BOOK 1 PAGE 97 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY


MORE COMMONLY KNOWN AS  623 West 8th Street, Units 1 - 6, San Pedro, CA 90731.

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

6

# R I D E R   N O .   1

Rider to Deed of Trust,
Assignment of Rents,
dated APRIL 14, 2008
between
Ian F. Mitchell and Maria De Lourdes Rivas Mitchell, Trustees of
the Mitchell Family Living Trust dated August 11, 1999, Trustor
("Trustor")
and Job Insurance Agency, Trustee ("Trustee")
and Bay Area Financial Corporation as Beneficiary
("Beneficiary")

Notwithstanding any terms or conditions to the contrary contained in the Deed of Trust, Trustor agrees;

1.   To pay any and all costs and expenses, including attorney's fees, incurred by Beneficiary to enforce its rights hereunder, whether or not suit is brought thereon;

2.   To pay interest on each sum expended by Beneficiary or Trustee in enforcing the obligations secured hereby from the date of expenditure until the date of repayment at the rate of interest in effect from time to time during such period under the promissory note secured hereby;

3.   If the Trustor shall sell, convey or alienate the property herein described, or any part thereof, or any interest therein, or shall be divested of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the Beneficiary being first had and obtained, the Beneficiary shall have the right, at its option, to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any note evidencing the same, immediately due and payable;

Loan Number: 23732.08

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

7

    4.   If any provision contained herein is held to be invalid, void, or unenforceable, the remaining provisions shall nevertheless continue in full force and effect.

BORROWER(S):                    WITNESS

IAN F. MITCHELL AND MARIA
DE LOURDES RIVAS MITCHELL,
TRUSTEES OF THE MITCHELL
FAMILY LIVING TRUST DATED
AUGUST 11, 1999

By:   IAN F. MITCHELL,
     TRUSTEE

By:   MARIA DE LOURDES RIVAS
     MITCHELL,
     TRUSTEE

Loan Number: **23732.08**

# EXHIBIT "C"

CONSTRUCTION
OPTIONAL ADVANCE NOTE
(Variable Note)

$1,115,000.00 Plus Interest                    Los Angeles, California
                                               April 16, 2008

"THIS IS A VARIABLE RATE LOAN - BALLOON PAYMENT"

FOR VALUE RECEIVED, the undersigned hereby promises to Pay-
to Bay Area Financial Corporation, a California Corporation, CFL
License No. 603-1881, 12400 Wilshire Blvd., Suite 230, Los Angeles,
CA 90025-1021, the principal sum of $1,115,000.00, or so much
thereof as shall at any time be advanced by the Lender, plus
interest on the unpaid principal balance as provided below. All or
any part of the principal on this note
may be borrowed, repaid and re-borrowed from time to time prior
to maturity. Loans hereunder may be made upon the oral or written
request of any person authorized in the resolution on file with
BAY AREA FINANCIAL CORPORATION.

This is a variable interest rate note and the interest rate
may increase or decrease depending upon subsequent changes in the
prime rate of interest. The "prime rate of interest" is the
prime rate announced as being charged by Wells Fargo Bank
of California, from time to time. Should at any time, Wells Fargo
Bank cease announcing a prime rate of interest then "prime rate of
interest" under this note shall mean whatever reference rate Wells
Fargo Bank does announce as being a substitute for its prime rate
of interest. Interest on this note shall be computed on the basis
of a 360-day year for actual days elapsed.

This is a variable interest rate loan and the interest rate
will increase or decrease with changes in the prime loan rate.
This interest rate will be 5.00 percentage points above the prime
loan rate. The initial prime loan rate is five one-quarter percent
(5.25%) which is the published rate as of April 15, 2008;
therefore, the initial interest rate is 10.25% per year. As the
prime rate of interest increases or decreases, the rate of interest
hereunder shall correspondingly increase or decrease so that the
interest rate shall at all times be equal to 5.00 percentage points
higher than the prime rate on a daily basis.

Interest will be payable in monthly installments which

Loan No. 23737-08                              1

installments are due on the    day of each month commencing
May   , 2008 and continuing thereafter until this note has been
paid in full. Principal shall be payable in full on October   ,
2008 ("the final maturity date"), together with (1) all accrued and
unpaid interest and (2) all sums which are owed to BAY AREA
FINANCIAL CORPORATION under the terms of this note including but
not limited to late charges, costs of any kind or nature, and/or
advancements of any kind or nature made by BAY AREA FINANCIAL
CORPORATION for the protection of the liens on the real property
which is security for this note.

This note is secured by one (1) deed of trust of even date
herewith to Job Insurance Agency, a California corporation, as
Trustee, and reference is made to such Deed of Trust for rights to
acceleration of the indebtedness evidenced by this note, including
the following paragraph:

> "If the Trustor shall sell, convey or
> alienate the property herein described, or any
> interest therein, or shall be divested of his
> title or any interest therein in any manner or
> way, whether voluntarily or involuntarily, without
> the written consent of the Beneficiary being first
> had and obtained, the Beneficiary shall have the
> right at its option to declare any indebtedness or
> obligations secured hereby, irrespective of the
> maturity date specified in any note evidencing
> the same, immediately due and payable."

In the event of failure to pay principal or interest under
this note when due, or in the event of default under any agreement
between the undersigned and BAY AREA FINANCIAL CORPORATION may, at
its election and without notice to undersigned, declare the entire
unpaid balance hereof together with all accrued interest
immediately due and payable.

Payments on this note shall be credited first to interest then
due and the remainder to principal. If this note is not paid when
due, the undersigned promises to pay all costs of collection and
reasonable attorneys' fees incurred by Bank whether or not suit is
filed hereon.

If any installment of principal or interest hereunder is not
paid when due, the holder shall have the following rights in
addition to the rights set forth in the preceding paragraph: (a)
the right to add unpaid interest to principal and to have such

Loan No. 23732.08                    2

amount thereafter bear interest as provided in this note, and (b) if any installment is more than ten (10) days past due, the right to collect a charge of six percent (6%) of the delinquent payment or fifteen dollars ($15.00) whichever is greater. This charge is the result of a reasonable endeavor by the undersigned and the holder to estimate the holder's added costs and damages resulting from the undersigned's failure to timely make payments under this note, hence the undersigned agrees that the charge shall be presumed to be the amount of damage sustained by the holder since it is extremely difficult to determine the actual amount necessary to reimburse the holder for such damages. If this note is not paid when due, the undersigned further promises to pay all costs of collection, foreclosure fees and reasonable attorneys' fees incurred by the holder whether or not suit is filed hereon.

In the event of a default under this note, including but not limited to: nonpayment of any installment of principal or interest within ten (10) days of its designated due date, failure to pay insurance premiums or property taxes, transfer of title, the remaining principal balance shall bear interest at a rate of interest which shall be eight percent (8%) higher than the aforementioned prime rate of interest until this note has been paid in full.

No transfer of an interest by the beneficiary in this Note shall be effective unless notice of such transfer, including the name and address of the transferee, has been provided to you. If such transferee does not provide you with satisfactory evidence that it is not a foreign corporation or nonresident alien, you shall have the right to withhold tax from the payments due to such transferee as required under the Internal Revenue Code or applicable state law, and the withholding of such interest shall not constitute a default under this Note or the Deeds of Trust securing the same.

This note is secured by one (1) trust deed on the property commonly known as 623 West 8th Street, Units 1-6, San Pedro, CA 90731 (6 Units).

The undersigned may prepay all or any part of this note at any time without penalty or premium whatsoever by paying the balance owing plus all accrued and unpaid interest thereon.

Presentment of payment, notice of dishonor, protest, and

Loan No. 23732 08                          3

notice of protest are expressly waived.  No delay or omission by
Bank to exercise any right hereunder, whether before or after the
happening of any event of default, shall impair any such right or
shall be construed as a waiver thereof or of any such event of
default.    This note cannot be changed, modified, amended or
terminated orally.

Dated: April 1, 2008

BORROWER(S):                            WITNESS

IAN F. MITCHELL AND MARIA DE LOURDES
RIVAS MITCHELL, TRUSTEES OF THE
MITCHELL FAMILY LIVING TRUST DATED
AUGUST 11, 1999

By: IAN F. MITCHELL,
    TRUSTEE

By: MARIA DE LOURDES RIVAS
    MITCHELL, TRUSTEE

Loan No. 23732.08                   4

LOAN EXTENSION AGREEMENT

BY AND BETWEEN

BAY AREA FINANCIAL CORPORATION, LENDERS

AND

IAN F. MITCHELL AND MARIA DELOURDES RIVAS MITCHELL, BORROWERS


This agreement dated October *13* ,2008, is hereby to take effect on the loan of borrower to Bay Area Financial Corporation loan number 23732.08. It is hereby agreed by the undersigned that the above mentioned loan shall be extended for a period of six (6) months from the date of expiration, up to and including April 18, 2009. Said loan shall be paid off in its entirety on or before April 18, 2009. Further, this agreement does not waive the borrower's monthly payments which are due on or before October 18, 2008 and the 18th day thereafter until paid in full in the approximate sum of $7,757.31. All accounts must be current to extend.

Further, the borrower agrees to pay the sum of $16,725.00 representing a one and one-half (1.5) point extension fee, and an attorney documentation fee of $350.00.

Upon execution of this agreement Borrower shall pay to Lenders the total sum of $17,975.00 representing the extension fee and the

documentation fee.  All other terms and conditions of the original
loan shall be held in full force and effect.


BAY AREA FINANCIAL CORPORATION          Ian F. Mitchell and Maria
                                        Delourdes Rivas Mitchell,
                                        as   Trustees   of   the
                                        Mitchell  Family  Trust
                                        dated August 11, 1999


BY: _____         By: _____
                                            IAN F. MITCHELL,
                                            Trustee


                                        By: _____
                                            MARIA DELOURDES RIVAS
                                            MITCHELL, Trustee