M. Jonathan Hayes (Bar No. 90388)
Roksana Moradi (Bar. No. 266572)
**Law Offices of M. Jonathan Hayes**
9700 Reseda Boulevard, Suite 201
Northridge, California 91324
Telephone: (818) 882-5600
Facsimile: (818) 882-5610
jhayes@polarisnet.net

Attorneys for Debtor
Ian F. Mitchell

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:09-bk-23919-GM |
| IAN F. MITCHELL, | Chapter 11 |
| Debtor. | **OPPOSITION OF DEBTOR TO MOTION FOR RELIEF FROM STAY OF BAY AREA FINANCIAL ON 623 W. 8th STREET; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF IAN F. MITCHELL** |
| | Date: April 6, 2010<br>Time: 10:00 a.m.<br>Ctrm: 303<br>Floor: Third |

**TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY JUDGE; TO MOVANT BAY AREA FINANCIAL AND ITS ATTORNEY OF RECORD; AND TO OTHER INTERESTED PARTIES**:

Ian F. Mitchell, Debtor and Debtor-in-Possession in the above-entitled Chapter 11 proceeding (the "Debtor"), hereby opposes the Motion for Relief from the Automatic Stay under 11 U.S.C. § 362 (the "Motion") filed by Bay Area Financial ("Movant") on 623 8th Street as follows:

# I.

## STATEMENT OF FACTS

The property at issue here is a six-unit residential building located 623 W. 8th Street, San Pedro, CA (the "Property").  The Debtor purchased the Property a few years ago with the intent to converting the property into condos.  That process has stalled due to a lack of funds but is in prospect.  The engineer working on the project has left and a new one will have to be hired.  As is, the Property is valued by the Debtor at $1,080,000 based on a recent appraisal.  Once the conversion is complete, the Debtor is hopeful that the Property value will increase to $1,280,000 but that is speculative at this time.  The Debtor will attempt to sell the units individually or as a group and pay the secured creditors.

At this time the units are managed by a professional and independent property manager, Scott Brody, who has segregated and maintained the rent in a separate bank account.  Rental income is projected at $8,800 per month.  Expenses have been paid according to the cash collateral motion granted by this court.

The liens against the Property are as follows:

- Banco Popular; $516,000
- Bay Area; $1,190,000
- Lori Chevalier; $97,500

The Banco Popular loan is current.   Bay Area and Ms. Chevalier have not been paid postpetition.

There is no Committee of Unsecured Creditors in this case.

The Debtor will have filed a Disclosure Statement and Plan of Reorganization well before the hearing on this motion.  The Debtor also will have filed a motion to value the Property which will establish that as of the petition date, Bay Area's secured claim was no more than $560,000.  The plan will propose to pay Bay Area more than that to account for the increase in value as condominiums.

The Debtor is prepared to pay Bay Area $4,517 on its loan which is the amount proposed in the Disclosure Statement and Plan. The Debtor will pay that amount on April 1, 2010 and the first of each month thereafter.

## II.

## ARGUMENT AND APPLICABLE LEGAL AUTHORITY

On March 16, 2010 (22 days before the hearing set by Movant), Movant filed the instant Motion for Relief from the Automatic Stay (the "Motion"), seeking relief pursuant to Section 361 (d)( 1) and (d)(2)(A).

As will be demonstrated herein, Movant has failed to meet its burden of proof to show that the requested relief is warranted. More specifically, there is no indication that the Property is declining in value. Movant's interest in the property is adequately protected by the monthly payments during the case, and the Property is necessary to an effective reorganization. The Debtor will file a Plan prior to the hearing on this motion.

### A.    Stay Relief Should Be Denied Under 11 U.S.C.§ 362(d)(2).

Movant argues that it should be granted relief from the automatic stay under 11 U.S.C. § 362(d)(2) because: (i) the Debtor does not have equity in the Property; and (ii) the Property is not necessary to an effective reorganization. The Debtor will acknowledge that there is no equity in the Property at this time.

Bankruptcy Code Section 362(d)(2) provides that:

> (d) On request of a party in interest and after notice and a hearing, the
> court shall grant relief from the stay provided under subsection (a) of this
> section, such as by terminating, annulling, modifying, or conditioning
> such stay-

> ( 2) with respect to a stay of an act against property under
> subsection (a) of this section, if-

**LAW OFFICES**
M. Jonathan Hayes

OPPOSITION TO BAY AREA FINANCIAL
MOTION FOR RELIEF

(A) the debtor does not have an equity in such property;

and

(B) such property is not necessary to an effective

reorganization.

Bankruptcy Code Section 362(g) provides that:

(g) In any hearing under subsection (d) or (e) of this section concerning

relief from the stay of any act under subsection (a) of this section-

(1) the party requesting such relief has the burden of proof on the

issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all

other issues.

The Debtor has a recent appraisal which establishes the fair market value of the

Property at $1,080,000.

**1.    Lack of Equity Is Not Sufficient Cause to Grant Stay Relief to the**

**Where The Property is Necessary to an Effective Reorganization in Process.**

First, Movant contends that relief from stay is warranted under Section 362(d)(2)

because the Debtor has no equity in the Property.

Preliminarily, it should be noted, as discussed in greater detail, infra, that the

Supreme Court has made it clear that an undersecured creditor, such as Movant, is not

entitled to interest during the course of the bankruptcy case.  No interest accrues to the

undersecured creditor and the creditor thus has no inherent right to monthly interest

payments while the case is pending. United Sav. Ass'n v. Timbers ofInwood Forest Assoc.

Ltd., 484 U.S. 365,372-373, 108 S.Ct. 626,633,98 L.Ed.2d 740 (1988).

Moreover, as discussed above, Debtor will make monthly payments to Movant

beginning on April 1, 2010.  However, even if Debtor were not making any payments to

Movant, lack of equity is also not a sufficient basis for stay relief in this case.  In a Chapter 11 case, under binding legal authority, a lack of equity alone is simply not a sufficient ground for stay relief if the Property is necessary to an effective reorganization that is in process.

This principle was clearly enunciated by the Supreme Court in its seminal decision, *United Sav. Ass'n v. Timbers of Inwood Forest Assoc. Ltd*., supra.  The facts of the Timbers case are similar to those presented here.  The debtor in a chapter 11 proceeding in Timbers owned income producing real property that was subject to a lien in favor of the creditor.  It was undisputed that the creditor was undersecured, i.e., that the amount of the secured debt exceeded the value of the property. The debtor was paying post-petition rents, minus operating expenses, to the creditor.  The creditor, however, contended that it was entitled to additional compensation and the bankruptcy court agreed, and conditioned the continuance of the stay on monthly payments at a market rate of interest on the value of the creditor's interest in the property. The case ultimately reached the Supreme Court, which affirmed the Fifth Circuit's reversal of the bankruptcy court ruling.

In affirming the reversal of the bankruptcy court's ruling, the Supreme Court established several important principles that govern this Court's consideration of the issues presented here.

First, the Supreme Court made it abundantly clear that an undersecured creditor is not entitled to post-petition interest on its claim, stating, "Since [Section 506] permits postpetition interest to be paid out only out of the 'security cushion,' the undersecured creditor, who has no such cushion, falls within the general rule disallowing postpetition interest." 484 U.S. at 372-373.

Secondly, and critical here, the Supreme Court made it clear that merely establishing a lack of equity under Section 362(d)( 1) is not enough to entitle the secured creditor to stay relief where the debtor can establish that the property is necessary to an effective reorganization under Section 362(d)(2). The Court stated:

1

2   [P]etitioner's interpretation of § 362(d)(1) makes nonsense of § 362(d)(2).

3   On petitioner's theory, the undersecured creditor's inability to take immediate

4   possession of his collateral is always "cause" for conditioning the stay (upon the

5   payment of market rate interest) under § 362(d)(I), since there is, within the

6   meaning of that paragraph, "lack of adequate protection of an interest in

7   property." But § 362(d)(2) expressly provides a different standard for relief from

8   a stay "of an act against property," which of course includes taking possession of

9   collateral. It provides that the court shall grant relief "if ... (A) the debtor does not

10  have an equity in such property [i.e., the creditor is undersecured]; and (B) such

11  property is not necessary to an effective reorganization." (Emphasis added.) By

12  applying the "adequate protection of an interest in property" provision of §

13  362(d)(l) to the alleged "interest" in the earning power of collateral, petitioner

14  creates the strange consequence that § 362 entitles the secured creditor to relief

15  from the stay (1) if he is undersecured (and thus not eligible for interest under §

16  506(b», or (2) if he is undersecured and his collateral "is not necessary to an

17  effective reorganization." This renders § 362(d)(2) a practical nullity and a

18  theoretical absurdity. If § 362(d)(1) is interpreted in this fashion, an undersecured

19  creditor would seek relief under § 362(d)(2) only if his collateral was not

20  depreciating (or he was being compensated for depreciation) and it was receiving

21  market rate interest on his collateral, but nonetheless wanted to foreclose.

22  Petitioner offers no reason why Congress would want to provide relief for such an

23  obstreperous and thoroughly unharmed creditor.

24  Id., at 374-375.

25      Thus, based on the foregoing binding authority, it is clear that Movant is not entitled

26  to relief from the automatic stay merely because it may be undersecured and, as a self-

27

28

professed undersecured creditor, it is also not entitled to receive interest payments on its secured claim.

Third, in Timbers, the Supreme Court also established that in determining whether a property is necessary for an effective reorganization, the debtor must show that there is "'a reasonable possibility of a successful reorganization within a reasonable time. '" Id., at 376.  However, in the early stages of a Chapter 11 proceeding, the debtor-in-possession has only a minimal burden or "relaxed standard" to establish an effective reorganization in progress, that burden increases in later stages of the case. See, e.g., *In re Con Am Grandview Associates, L.P.*, 179 B.R. 29, 33 (S.D.N.Y 1995).

The Debtor submits that not only is the Property clearly necessary to his reorganization in this case, but further that such successful reorganization is in process. This Chapter 11 case is relatively complex, and the Debtor has expeditiously prosecuted his case since its filing.

In the period of time that the Debtor's bankruptcy case has been pending, Debtor focused his efforts on resolving legal and operational problems, ranging from common matters (such as retaining professionals, complying with reporting requirements and negotiating a cash collateral Stipulation with other secured creditors, to examining and attempting to resolve issues fundamental to the formulation of a Plan.  Debtor has satisfied his post-petition reporting and compliance obligations as they come due and is performing up to expectations at this stage of the case.  The Debtor continues to manage his business effectively and is preserving the value of his assets for the benefit of creditors.  It is against this backdrop that Debtor is presently in the process of formulating a Plan which the Debtor intends to file before the hearing on this motion that will stand a reasonable chance of being confirmed within a reasonable period of time.

Despite the current depressed real estate market in Southern California, there is every reason to believe that once credit markets stabilize and the nation's economy begins

1   to recover, the Property will regain any value lost in the current recession, creating equity

2   that could be used to provide a recovery to the estate's creditors.  .

3       Certainly, Movant has provided no competent evidence in support of its contention

4   that the Property is not necessary to an effective reorganization.  In fact, Movant's only

5   arguments that the Property is not necessary for an effective reorganization consists of

6   checking that box on the court form.

7

8       **B.    Stay Relief Should Be Denied Because There is No Showing that**

9   **Movant's Interest is not Adequately Protected**

10      As stated above, Movant here does nothing more than check the box which alleges

11  lack of adequate protection.   Further the Debtor will make a payment on April 1, 2010 to

12  Movant and will continue to make each payment hereafter until plan confirmation.

13      No argument or evidence is submitted in support of this request, and the request

14  should therefore be denied.

15

16  DATED:  March 24, 2010           **LAW OFFICES OF M. JONATHAN HAYES**

17

18                                  By:   /s/  M. Jonathan Hayes____

19                                  M. Jonathan Hayes
                                    Roksana D. Moradi

20                                  Attorney for Debtor

21

22

23

24

25

26

27

28

**LAW OFFICES**
M. Jonathan Hayes

OPPOSITION TO BAY AREA FINANCIAL
MOTION FOR RELIEF

## DECLARATION OF IAN F. MITCHELL

Ian F. Mitchell declares as follows:

1.      I am the Debtor in this chapter 11 case.  I have personal knowledge of the facts set forth herein, and, if called as a witness, I could and would testify competently with respect thereto. Where facts are alleged upon information and belief, I believe them to be true.

2.      The property at issue here is a six-unit residential building located 623 W. 8th Street, San Pedro, CA (the "Property").  My wife and I purchased the Property a few years ago with the intent to converting the property into condos.  That process has stalled due to a lack of funds but is in prospect.  The engineer working on the project has left and a new one will have to be hired.  As is, I believe the Property is worth $1,080,000 based on a recent appraisal.  Once the conversion is complete, I am hopeful that the Property value will increase to $1,280,000 but that is speculative at this time.  I will attempt to sell the units individually or as a group and pay the secured creditors.

3.      At this time the units are managed by a professional and independent property manager, Scott Brody, who has segregated and maintained the rent in a separate bank account.  Rental income is projected at $8,800 per month.  Expenses have been paid according to the cash collateral motion granted by this court.

4.      The liens against the Property are as follows:

- Banco Popular; $516,000

- Bay Area; $1,190,000

- Lori Chevalier; $97,500

5.      The Banco Popular loan is current.   Bay Area and Ms. Chevalier have not been paid postpetition.

1      6.    I am prepared to pay Bay Area $4,517 on its loan which is the amount

2  proposed in the Disclosure Statement and Plan.  I will pay that amount on April 1, 2010

3  and the first of each month thereafter.

4

5      I declare under penalty of perjury that the foregoing is true and correct.

6  Executed on this 24th day of March, 2010, at Northridge, California.

7

8                     /s/  Ian Mitchell

9                      Ian Mitchell

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LAW OFFICES**
M. Jonathan Hayes

OPPOSITION TO BAY AREA FINANCIAL
MOTION FOR RELIEF

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 9700 Reseda Blvd., Ste 201, Northridge, CA 91324.

The foregoing document described as **OPPOSITION OF DEBTOR TO MOTION FOR RELIEF FROM STAY OF BAY AREA FINANCIAL ON 623 W. 8th STREET; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF IAN F. MITCHELL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 2/3/10 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Arturo M Cisneros     arturo@mclaw.org
- Scott C Clarkson     sclarkson@lawcgm.com
- Nicolas A Daluiso     ndaluiso@robinsontait.com
- Christine M Fitzgerald     cfitzgerald@lawcgm.com
- M Jonathan Hayes     jhayes@polarisnet.net
- Yale K Kim     ykim@allenmatkins.com
- Kary R Kump     dolores@jfarley.com
- David F Makkabi     cmartin@pprlaw.net
- Eve A Marsella     emarsella@lawcgm.com
- S Margaux Ross     margaux.ross@usdoj.gov
- United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov
- Craig A Welin     cwelin@frandzel.com, efiling@frandzel.com;smargetis@frandzel.com
- 

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:** On 3/24/10, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

**Hon. Geraldine Mund**
United States Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 2/3/10 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by

OPPOSITION TO BAY AREA FINANCIAL
MOTION FOR RELIEF

facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 3/24/10   MJ Hayes | | /s/ MJ Hayes |
| --- | --- | --- |
| *Date* | *Type Name* | *Signature* |

**LAW OFFICES**
M. Jonathan Hayes

OPPOSITION TO BAY AREA FINANCIAL
MOTION FOR RELIEF