M. Jonathan Hayes (Bar No. 90388)
Roksana D. Moradi (Bar No. 266572)
**Law Offices of M. Jonathan Hayes**
9700 Reseda Blvd., Suite 201
Northridge, CA 91324
Telephone: (818) 882-5600
Facsimile: (818) 882-5610
jhayes@polarisnet.net
rdmlaw@ymail.com

Attorneys for Debtor
Ian F. Mitchell

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>IAN F. MITCHELL,<br><br><br>Debtor. | Case No. 1:09-bk-23919-GM<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION TO DETERMINE SECURED VALUE OF REAL PROPERTY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF IAN F. MITCHELL AND GARY NAKAMURA IN SUPPORT THEREOF**<br><br>Date:    May 19, 2010<br>Time:    10:00 a.m.<br>Court:    21041 Burbank Blvd.<br>          Courtroom 303<br>          Woodland Hills, CA 91367 |

TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY

JUDGE, AND ALL PARTIES IN INTEREST INDIVIDUALLY AND BY AND

THROUGH THEIR LEGAL COUNSEL OF RECORD:

1   PLEASE TAKE NOTICE that on May 19, 2010 at 10:00 a.m. or as soon thereafter
2   as the matter may be heard, in Courtroom 303 of the above-entitled Court located at 21041
3   Burbank Blvd., Woodland Hills, CA 91367, Ian F. Mitchell, as an Individual, the debtor in
4   the above-captioned chapter 11 case (the "Debtor"), shall, and does hereby, move the
5   Court, pursuant to 11 U.S.C. §§506(a), for a determination of the secured value of the Real
6   Property located at 448 West 14th Street, San Pedro, CA 90731, Legal Description – Amars
7   Sub of Block 14 Town of San Pedro Lot 17, Assessor's Parcel Number: 7456-015-017
8   (hereinafter "Real Property"), to be $500,000.00, based on an appraisal as of January 15,
9   2010.
10      This request is made on the grounds that the value of the Real Property is less than
11  the first priority trust deed of OneWest Bank F.S.B (hereinafter "OneWest"), successor to
12  IndyMac Bank, F.S.B. (IndyMac Mortgage Services) [hereinafter "IndyMac"], of
13  $635,503.73 (pursuant to its proof of claim), and therefore OneWest's lien is secured only
14  up to $500,000.00 (with the remainder being completely unsecured), and as the Real
15  Property no longer has equity adequate to fully secure both encumbrances, the result is that
16  the second priority lien of Bank of America is 100% unsecured.  This request is made on
17  the further grounds set forth in the attached *Memorandum of Points and Authorities* and
18  *the Declarations of Ian F. Mitchell and Gary Nakamura* in support thereof, and on such
19  further grounds as may be presented in oral arguments before this Court or upon Reply to
20  any opposition filed in response to this Motion.
21      The Motion is based upon this Notice of Motion and Motion, the attached
22  declarations, all pleadings and records on file in this case, and upon such other evidentiary
23  matters as may be presented to the Court regarding the Motion.
24
25      PLEASE TAKE FURTHER NOTICE that pursuant to *Local Bankruptcy Rule*
26  *9013-1*, any party opposing the relief sought by the Motion must file a written opposition
27  setting forth the facts and law upon which the opposition is based and must appear at the
28

LAW OFFICES
M. Jonathan Hayes

MOTION TO VALUE
LIEN

2

hearing on the Motion. Any factual allegations set forth in such written response must be supported by competent and admissible evidence. Any response or opposition to the Motion must be filed with the Court and served on the Debtor's counsel at least fourteen (14) days prior to the scheduled hearing date on the Motion (not excluding Saturdays, Sundays or legal holidays). Such responses, if any, must be served on the Debtor's counsel at the address noted in upper left-hand corner of the first page of this notice. Pursuant to *Local Bankruptcy Rule 9013-1*, any response not timely filed and served may be deemed by the Court to be consent to the granting of the relief requested by the Motion.

Dated: April 20, 2010

**LAW OFFICES OF M. JONATHAN HAYES**

By: **/s/ Roksana D. Moradi**
**M. Jonathan Hayes**
**Roksana D. Moradi**
*Attorneys for Debtor*
Ian F. Mitchell

LAW OFFICES
M. Jonathan Hayes

MOTION TO VALUE LIEN

3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

|  | AMOUNT |
|---|---|
| **Fair Market Value of Subject Property** | **$500,000.00** |
| **First Trust Deed** *(OneWest Bank F.S.B, successor to IndyMac Bank. F.S.B. [IndyMac Mortgage Services])* | **$635,503.73** *(pursuant to its proof of claim)* |
| **Second Trust Deed** *(Bank of America Home Loans)* | **$91,500.00** |

This Motion concerns the valuation of the Debtor's investment Real Property located at 448 West 14th Street, San Pedro, CA 90731, Legal Description – Amars Sub of Block 14 Town of San Pedro Lot 17, Assessor's Parcel Number: 7456-015-017. The Debtor purchased the property in 2004 and since that time has continuously rented the four-unit property out to tenants.

There are two (2) liens recorded with the Los Angeles County Recorder's Office against the Real Property. The first lien is a trust deed in favor of OneWest, as successor to IndyMac Bank, in the amount of approximately $635,503.73 (pursuant to its proof of claim), while the second lien is a second trust deed, in favor of Bank of America (account number ending in 9265), in the amount of approximately $91,500.00.

At this time, due to the general decline in real estate values in Southern California which has substantially affected the area in which the Real Property is located, the value of the Real Property has substantially declined in value and no longer entirely supports the security interest of the Bank of America lien.

In making this Motion, the Debtor relied upon the appraiser's opinion that is attached hereto and incorporated by reference as **_Exhibit A._** The Debtor believes that a value of $500,000.00 is fair and reasonable.

## II.

## FACTUAL BACKGROUND

On October 21, 2009, the Debtor filed a Chapter 11 petition commencing this case. The Debtor purchased the Property in question in 2004, during the height of the Southern California real estate boom. IndyMac provided the funds for the purchase, and OneWest, as successor, is now owed approximately $635,503.73 (pursuant to its proof of claim). Since the purchase of the Property, the Debtor has continuously rented the four-units out to tenants. The Debtor obtained a second trust deed in the amount of approximately $91,500.00 from Bank of America in late 2006. At the current market rate of $500,000.00, and prices declining in the neighborhood, the Real Property no longer has equity to fully secure the encumbrances, resulting in the Bank of America lien being one hundred percent (100%) under-secured and not entitled to treatment under the Debtor's proposed Chapter 11 Plan as a secured creditor for the full payment of its purported claim.

## III.

## ARGUMENT

A. <u>The Real Property must be Valued for Purposes of the Chapter 11 Plan Confirmation</u>.

*Bankruptcy Code § 506(a)* provides in pertinent part that:

"An allowed claim of a creditor secured by lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. *Such value*

*shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on plan affecting such creditor's interest.* [emphasis added]."

At this time, due to the general decline in real estate values in Southern California, which has substantially affected the area in which the Real Property is located, the value of the Property has substantially declined in value, no longer entirely supporting the security interest of Bank of America. In making this Motion, the Debtor relied upon the appraisal he obtained which is attached hereto as ***Exhibit A*** and fully incorporated herein by this reference.

The Debtor believes that the valuation of $500,000.00 is fair and reasonable for the purpose of the valuation of the Real Property.

B. The Valuation of the Real Property is Necessary for an Effective Reorganization

As provided in Section 506(a), valuation of the secured interest should take place "… in conjunction with any hearing … on a plan affecting such creditor's interest." This Motion is made in conjunction with the Debtor's Chapter 11 Plan. The Debtor has demonstrated under Section 506(a) that the Real Property is worth less than the security interest of the second Bank of America trust deed, and that a reorganization is in prospect.

IV.

CONCLUSION

The Debtor respectfully requests that the Court grant this Motion, and value the Real Property at $500,000.00, and for such other and further relief as the Court may deem just and proper.

Dated: April 20, 2010         LAW OFFICES OF M. JONATHAN HAYES

By: ____/s/ M. Jonathan Hayes____
M. Jonathan Hayes
Roksana D. Moradi
*Attorneys for Debtor*
Ian F. Mitchell

MOTION TO VALUE LIEN

## SUPPORTING DECLARATION OF DEBTOR
## IAN F. MITCHELL

I, Ian F. Mitchell, declare and state as follows:

1. I am the debtor herein. I own 448 West 14th Street, San Pedro, CA 90731(the "Real Property" which is subject to this motion). If called as a witness I could and would competently testify to the herein facts in support of this *MOTION TO VALUE LIEN*. I have personal knowledge of each and every fact herein.

2. On October 21, 2009 I filed a Chapter 11 petition commencing this case.

3. I purchased the Property in question in 2004, during the height of the Southern California real estate boom. IndyMac provided the funds for the purchase and OneWest (as successor to IndyMac) is now owed $635,503.73 (pursuant to its proof of claim).

4. Since the purchase of the Property, I have continuously rented the four-units out to tenants.

5. I obtained a second trust deed in the amount of approximately $91,500.00 from Bank of America (account number ending in 9265), in late 2006.

6. Attached hereto, as ***Exhibit A***, is a copy of the appraisal I obtained.

7. It is my opinion that the value of the property is $500,000.00.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and executed this 20th day of April, 2010 in the town of Northridge, County of Los Angeles, State of California.

By:    /s/ Ian F. Mitchell
_____
Ian F. Mitchell

## DECLARATION OF GARY NAKAMURA

I, Gary Nakamura, declare and state as follows:

1. I am a licensed real estate appraiser (state certification no. AR005891) and have been so in good standing in the County of Los Angeles, State of California.

2. I work for Appraisal Resource Group, Inc., located at 11022 Santa Monica Blvd., Suite 240, Los Angeles, CA 90025, and have conducted hundreds of appraisals of single and multi-family dwellings.

3. I am qualified to make this declaration based upon my knowledge of real estate appraising, as set forth further in the Appraiser's Report that is attached and incorporated by this reference and attached hereto as **_Exhibit A._** I prepared the report for the purpose of determining the value of the Real Property located at 448 West 14th Street, San Pedro, CA 90731.

4. In the course of preparing the Appraisers Report I followed the practices and procedures required of my profession in determining the value of the Real Property. I do not own an interest in the Real Property and have not been offered an interest in it. I was compensated $400.00 for my services at the time I delivered the Appraiser's Reports.

5. Appraisal Resource Group, Inc. has conducted many appraisals for Mr. Mitchell over the last twenty (20) years.

6. Based upon the evaluation and analysis prepared it is my professional opinion, as supported by the attached Appraiser's Report, that the value of the Real Property, as of the date of the Appraiser's Report is approximately $500,000.00.

Executed this 20th day of April, 2010 in the City of Los Angeles, County of Los Angeles, State of California.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

**NEXT PAGE**
Gary Nakamura

## DECLARATION OF GARY NAKAMURA

I, Gary Nakamura, declare and state as follows:

1. I am a licensed real estate appraiser (state certification no. AR005891) and have been so in good standing in the County of Los Angeles, State of California.

2. I work for Appraisal Resource Group, Inc., located at 11022 Santa Monica Blvd., Suite 240, Los Angeles, CA 90025, and have conducted hundreds of appraisals of single and multi-family dwellings.

3. I am qualified to make this declaration based upon my knowledge of real estate appraising, as set forth further in the Appraiser's Report that is attached and incorporated by this reference and attached hereto as **Exhibit A**. I prepared the report for the purpose of determining the value of the Real Property located at 448 West 14th Street, San Pedro, CA 90731.

4. In the course of preparing the Appraisers Report I followed the practices and procedures required of my profession in determining the value of the Real Property. I do not own an interest in the Real Property and have not been offered an interest in it. I was compensated $400.00 for my services at the time I delivered the Appraiser's Reports.

5. Appraisal Resource Group, Inc. has conducted many appraisals for Mr. Mitchell over the last twenty (20) years.

6. Based upon the evaluation and analysis prepared it is my professional opinion, as supported by the attached Appraiser's Report, that the value of the Real Property, as of the date of the Appraiser's Report is approximately $500,000.00.

Executed this 16th day of April, 2010 in the City of Los Angeles, County of Los Angeles, State of California.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

_____
Gary Nakamura

MOTION TO VALUE LIEN