M. Jonathan Hayes (Bar No. 90388)
Roksana D. Moradi (Bar No. 266572)
**Law Offices of M. Jonathan Hayes**
9700 Reseda Blvd., Suite 201
Northridge, CA 91324
Telephone: (818) 882-5600
Facsimile: (818) 882-5610
jhayes@polarisnet.net
rdmlaw@ymail.com

Attorneys for Debtor
Ian F. Mitchell

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>IAN F. MITCHELL,<br><br><br><br><br><br>Debtor. | Case No. 1:09-bk-23919-GM<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION TO DETERMINE SECURED VALUE OF REAL PROPERTY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF IAN F. MITCHELL AND TIMOTHY ABAKAN IN SUPPORT THEREOF**<br><br>Date: May 19, 2010<br>Time: 10:00 a.m.<br>Court: 21041 Burbank Blvd.<br>Courtroom 303<br>Woodland Hills, CA 91367 |

TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY

JUDGE, AND ALL PARTIES IN INTEREST INDIVIDUALLY AND BY AND

THROUGH THEIR LEGAL COUNSEL OF RECORD:

1   PLEASE TAKE NOTICE that on May 19, 2010 at 10:00 a.m. or as soon thereafter
2   as the matter may be heard, in Courtroom 303 of the above-entitled Court located at 21041
3   Burbank Blvd., Woodland Hills, CA 91367, Ian F. Mitchell, as an Individual, the debtor in
4   the above-captioned chapter 11 case (the "Debtor"), shall, and does hereby, move the
5   Court, pursuant to 11 U.S.C. §§506(a), for a determination of the secured value of the Real
6   Property located at 623;625;627 West 8th Street, San Pedro, CA 90731-3121, Legal
7   Description – Individual Legal Not Assigned Yet (Current Legal: Central Home Place Lot
8   12), Assessor's Parcel Number: 7454-005-011[Individual APN Not Assigned Yet]
9   (hereinafter "Real Property") to be $1,385,000.00, based on an appraisal as of January 15,
10  2010.
11      This request is made on the grounds that the Real Property no longer has equity
12  adequate to fully secure all three encumbrances, as the value of the first priority trust deed
13  of Banco Popular North America (hereinafter "Banco Popular") is $513,071.38 (pursuant
14  to its proof of claim), the value of the second trust deed, in favor of Bay Area Financial
15  Corporation (hereinafter "Bay Area"), is $1,150,343.00 (pursuant to its proof of claim),
16  and the third trust deed, in favor of the Michael and Lori Chevalier 2003 Trust (hereinafter
17  "Chevalier Trust"), is $100,000.00.  Therefore, Bay Area's lien is secured only up to
18  $871,928.62 (with the remainder being completely unsecured), and the Chevalier Trust is
19  100% unsecured. This request is made on the further grounds set forth in the attached
20  *Memorandum of Points and Authorities* and *the Declarations of Ian F. Mitchell and*
21  *Timothy Abakan* in support thereof, and on such further grounds as may be presented in
22  oral arguments before this Court or upon Reply to any opposition filed in response to this
23  Motion.
24      The Motion is based upon this Notice of Motion and Motion, the attached
25  declarations, all pleadings and records on file in this case, and upon such other evidentiary
26  matters as may be presented to the Court regarding the Motion.
27
28

LAW OFFICES
M. Jonathan Hayes

MOTION TO VALUE
LIEN

2

PLEASE TAKE FURTHER NOTICE that pursuant to *Local Bankruptcy Rule 9013-1*, any party opposing the relief sought by the Motion must file a written opposition setting forth the facts and law upon which the opposition is based and must appear at the hearing on the Motion. Any factual allegations set forth in such written response must be supported by competent and admissible evidence. Any response or opposition to the Motion must be filed with the Court and served on the Debtor's counsel at least fourteen (14) days prior to the scheduled hearing date on the Motion (not excluding Saturdays, Sundays or legal holidays). Such responses, if any, must be served on the Debtor's counsel at the address noted in upper left-hand corner of the first page of this notice. Pursuant to *Local Bankruptcy Rule 9013-1*, any response not timely filed and served may be deemed by the Court to be consent to the granting of the relief requested by the Motion.

Dated: April 20, 2010                     **LAW OFFICES OF M. JONATHAN HAYES**

                                          By:     **/s/ Roksana D. Moradi**
                                                **M. Jonathan Hayes**
                                                **Roksana D. Moradi**
                                                *Attorneys for Debtor*
                                                Ian F. Mitchell

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

| | AMOUNT |
|---|---|
| **Fair Market Value of Subject Property** | $1,385,000.00 |
| **First Trust Deed** *(Banco Popular North America)* | $513,071.38 *(pursuant to its proof of claim)* |
| **Second Trust Deed** *(Bay Area Financial Corporation)* | $1,150,343.00 *(pursuant to its proof of claim)* |
| **Third Trust Deed** *(Michael and Lori Chevalier 2003 Trust)* | $100,000.00 |

This Motion concerns the valuation of the Debtor's investment Real Property located at 623:625:627 West 8th Street, San Pedro, CA 90731-3121, Legal Description – Individual Legal Not Assigned Yet (Current Legal: Central Home Place Lot 12), Assessor's Parcel Number: 7454-005-011[Individual APN Not Assigned Yet] (hereinafter "Real Property"). The Debtor purchased the property in 2003 and has continuously rented the five small units and one large rear unit out to tenants since that time.

There are three (3) liens recorded with the Los Angeles County Recorder's Office against the Real Property. The first lien is a trust deed in favor of Banco Popular (account number ending in 0001) in the amount of $513,071.38 (pursuant to its proof of claim); the second lien is a second trust deed, in favor of Bay Area (account number ending in 32.08), in the amount of $1,150,343.00 (pursuant to its proof of claim); and a third trust deed in favor of the Chevalier Trust in the amount of $100,000.00.

At this time, due to the general decline in real estate values in Southern California which has substantially affected the area in which the Real Property is located, the value of

the Real Property has substantially declined in value and no longer entirely supports the security interest of the Bay Area and Chevalier Trust liens.

In making this Motion, the Debtor relied upon the appraiser's opinions that are attached hereto and incorporated by reference as **_Exhibit A_** (large rear unit) and **_Exhibit B_** (five small units). The Debtor believes that a value of $1,385,000.00 is fair and reasonable.

## II.

## FACTUAL BACKGROUND

On October 21, 2009, the Debtor filed a Chapter 11 petition commencing this case. The Debtor purchased the Property in question in 2003, during the height of the Southern California real estate boom. Banco Popular provided the funds for the purchase and is now owed $513,071.38 (pursuant to its proof of claim). Since the purchase of the Property, the Debtor has continuously rented the five small units and one large rear unit out to tenants. The Debtor obtained a second trust deed from Bay Area in 2004 and a third trust deed from the Chevalier Trust in 2008. Bay Area is currently owed $1,150,343.00 (pursuant to its proof of claim) and the Chevalier Trust is owed $100,000.00. At the current market rate of $1,385,000.00, and prices declining in the neighborhood, the Real Property no longer has equity to fully secure the encumbrances, and as a result the Bay Area is secured only up to $871,928.62 (with the remainder being completely unsecured), and the Chevalier Trust is 100% unsecured.

## III.

## ARGUMENT

A.  The Real Property must be Valued for Purposes of the Chapter 11 Plan Confirmation.

*Bankruptcy Code § 506(a)* provides in pertinent part that:

"An allowed claim of a creditor secured by lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. *Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on plan affecting such creditor's interest.* [emphasis added]."

At this time, due to the general decline in real estate values in Southern California, which has substantially affected the area in which the Real Property is located, the value of the Property has substantially declined in value, no longer entirely supporting the security interests of Bay Area and the Chevalier Trust. In making this Motion, the Debtor relied upon the appraisals he obtained which is attached hereto as **_Exhibit A_** (large rear unit) and **_Exhibit B_** (five small units), and fully incorporated herein by this reference.

The Debtor believes that the valuation of $1,385,000.00 is fair and reasonable for the purpose of the valuation of the Real Property.

B. The Valuation of the Real Property is Necessary for an Effective Reorganization

As provided in Section 506(a), valuation of the secured interest should take place "... in conjunction with any hearing ... on a plan affecting such creditor's interest." This Motion is made in conjunction with the Debtor's Chapter 11 Plan. The Debtor has demonstrated under Section 506(a) that the Real Property is worth less than the security interest of the Bay Area and Chevalier Trust trust deeds, and that a reorganization is in prospect.

IV.

**CONCLUSION**

LAW OFFICES
M. Jonathan Hayes

MOTION TO VALUE LIEN

6

1       The Debtor respectfully requests that the Court grant this Motion. and value the
2  Real Property at $1.385.000.00. and for such other and further relief as the Court may
3  deem just and proper.

4

5
   Dated:  April 20. 2010                         **LAW OFFICES OF M. JONATHAN HAYES**
6

7
                                                  By: _____/s/ Roksana D. Moradi_____
8                                                         **M. Jonathan Hayes**
                                                          **Roksana D. Moradi**
9                                                         *Attorneys for Debtor*
                                                          Ian F. Mitchell

# SUPPORTING DECLARATION OF DEBTOR
# IAN F. MITCHELL

I, Ian F. Mitchell, declare and state as follows:

1. I am the debtor herein. I own 623:625:627 West 8th Street, San Pedro, CA 90731-3121 (the "Real Property" which is subject to this motion). If called as a witness I could and would competently testify to the herein facts in support of this *MOTION TO VALUE LIEN*. I have personal knowledge of each and every fact herein.

2. On October 21, 2009 I filed a Chapter 11 petition commencing this case.

3. I purchased the Property in question in 2003, during the height of the Southern California real estate boom. Banco Popular provided the funds for the purchase and is now owed $513,071.38 (pursuant to its proof of claim).

4. Since I bought the Property, I have continuously rented the five small units and one large rear unit out to tenants.

5. I obtained a second trust deed from Bay Area in 2004 and a third trust deed from the Chevalier Trust in 2008. Bay Area is currently owed $1,150,343.00 (pursuant to its proof of claim) and the Chevalier Trust is owed $100,000.00.

6. Attached hereto, as ***Exhibit A*** and ***Exhibit B***, are copies of the appraisal I obtained.

7. It is my opinion that the value of the property is $1,385,000.00.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and executed this 20th day of April, 2010 in the town of Northridge, County of Los Angeles, State of California.

By: /s/ Ian F. Mitchell
Ian F. Mitchell

# DECLARATION OF TIMOTHY ABAKAN

I, Timothy Abakan, declare and state as follows:

1. I am a licensed real estate appraiser (state certification no. AR011627) and have been so in good standing in the County of Los Angeles, State of California.

2. I work for Appraisal Resource Group, Inc., located at 11022 Santa Monica Blvd., Suite 240, Los Angeles, CA 90025, and have conducted hundreds of appraisals of single and multi-family dwellings.

3. I am qualified to make this declaration based upon my knowledge of real estate appraising, as set forth further in the two Appraiser's Reports that are attached and incorporated by this reference and attached hereto as **_Exhibit A and B_**. I prepared the reports for the purpose of determining the value of the Real Property located at 623:625:627 West 8th Street, San Pedro, CA 90731-3121, by appraising Units No. 1 (one of five small units) and 6 (large rear unit).

4. In the course of preparing the Appraisers Report I followed the practices and procedures required of my profession in determining the value of the Real Property. I do not own an interest in the Real Property and have not been offered an interest in it. I was compensated $800.00 for my services at the time I delivered the Appraiser's Reports.

5. Appraisal Resource Group, Inc. has conducted many appraisals for Mr. Mitchell over the last twenty (20) years.

6. Based upon the evaluation and analysis prepared it is my professional opinion, as supported by the attached Appraiser's Reports, that the value of Unit 1 (one of five small units) is $214,000.00 and the value of Unit 6 (large rear unit) is $315,000.00, as of the date of the Appraiser's Reports, and the entire Real Property is valued at approximately $1,385,000.00.

Executed this 20th day of April, 2010 in the City of Los Angeles, County of Los

///

///

1  Angeles. State of California.
2      I declare under penalty of perjury pursuant to the laws of the United States of
3  America that the foregoing is true and correct.

**NEXT PAGE**
Timothy Abakan

1 | Angeles, State of California.

2 |     I declare under penalty of perjury pursuant to the laws of the United States of

3 | America that the foregoing is true and correct.

4

5 |                                 Timothy Abakan

LAW OFFICES
of Jonathan Hayes

MOTION TO VALUE
LIEN

11