M. Jonathan Hayes (Bar No. 90388)
Roksana Moradi (Bar. No. 266572)
**Law Offices of M. Jonathan Hayes**
9700 Reseda Boulevard, Suite 201
Northridge, California  91324
Telephone:  (818) 882-5600
Facsimile:  (818) 882-5610
jhayes@polarisnet.net

Attorneys for Debtor
Ian F. Mitchell

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | ) Case No. 1:09-bk-23919-GM |
| | ) |
| IAN F. MITCHELL, | ) Chapter 11 |
| | ) |
| Debtor. | ) **DEBTOR'S CHAPTER 11 PLAN OF** |
| | ) **REORGANIZATION** |
| | ) |
| | ) |
| | ) **Disclosure Statement Hearing** |
| | ) |
| | ) Date:  May 25, 2010 |
| | ) Time:  10:00 a.m. |
| | ) Place: |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

# I. **INTRODUCTION**

On October 21, 2009, Ian Mitchell (the "Debtor") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), 11 U.S.C. § 101 et seq.  Chapter 11 allows the Debtor, and under some circumstances, creditors and others parties in interest, to propose a Plan of Reorganization (the "Plan").  The Plan may provide for the Debtor to reorganize by continuing to operate, to liquidate by selling assets of the estate, or a combination of both.  The Debtor is the proponent (the "Proponent") of this Plan of Reorganization.

In summary, this Plan provides for payment to holders of allowed claims.  The timing of Plan payments to particular creditor groups will depend upon their classification under the Plan.  The Effective Date of the Plan shall be the first Business Day, (a) that is 11 calendar days after the Confirmation Date, or (b) at least one Business Day after the Confirmation Date, if the Bankruptcy Court enters an order making Bankruptcy Rule 7062 inapplicable to the proceedings respecting the Confirmation Order or otherwise determining that the Effective Date may occur immediately following confirmation.

A Disclosure Statement also accompanies this Plan.  The Disclosure Statement describes the Plan and provides additional information to enable creditors to make informed decisions about whether to vote for or against the Plan.

The following are the specific provisions of the Plan.

# I.

## INTERPRETATIONS AND RULES OF CONSTRUCTION

## Interpretation, Computation Of Time And Governing Law.

- **Rules of Interpretation.**

For purposes of the Plan: (a) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, shall include both the singular and the plural;

(b) any reference in the Plan to a contract, instrument, release or other agreement or document being in a particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions; (c) any references in the Plan to an existing document or Exhibit Filed or to be Filed means such document or Exhibit, as it may have been or may be amended, modified or supplemented; (d) unless otherwise specified in a particular reference, all references in the Plan to Sections, Articles and Exhibits are references to Sections, Articles and Exhibits of or to the Plan; (e) the words "herein," "hereof," "hereto," "hereunder" and others of similar import refer to the Plan in its entirety rather than to only a particular portion of the Plan; (f) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan; and (g) the rules of construction set forth in Section 102 of the Bankruptcy Code shall apply.

- **Time Periods.**

In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

- **Section Numbers.**

References in this Plan and the Disclosure Statement to a Code section are references to the United States Bankruptcy Code (Title 11 of the United States Code) except as otherwise indicated.

## II.

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

- **General Overview**

As required by the Bankruptcy Code, the Plan separates claims and interests into various categories and classes according to the nature and legal rights associated with such claims and interests. The Plan designates which classes are impaired and which classes are unimpaired. The Plan also describes the treatment each class will receive under the Plan.

The Proponent will ask the Bankruptcy Court to confirm this Plan pursuant to 11 U.S.C. § 1129(b) on any impaired classes if any of these classes do not vote to accept the Plan and if the Plan can otherwise be confirmed, notwithstanding the lack of acceptance by the Shareholders.

- **Unclassified Claims**

Certain types of claims are not placed into voting classes; instead, they are unclassified.  Holders of unclassified claims not considered impaired and not entitled to vote on the Plan; rather the holders of unclassified, unimpaired claims and interests are automatically entitled to specific treatment provided for them in the Bankruptcy Code.

The following categories of claims are neither classified nor impaired under the Plan and are not entitled to vote on the Plan.

- **Administrative Expenses**

Administrative expenses are claims for costs or expenses of administering the Debtors' Chapter 11 case that are allowed under Bankruptcy Code Section 507(a)(1).  The Bankruptcy Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.  The following is an estimate of the Section 507(a)(1) administrative claims that will be incurred and unpaid (net of any retainers received) through the Effective Date of the Plan and their treatment under this Plan.

| Name | Amount Owed | Treatment |
|---|---|---|
| M. Jonathan Hayes (Attorney for the Debtor) | $60,000 (estimated).  This balance is net of the pre and post-petition retainers received of $33,000. | Paid in full on the later of (a) Effective Date of Plan or (b) Court approval of requested fees unless the parties agree to other treatment. |
| Clerk's Office Fees | $0  (estimated | Paid when due |
| Office of the U.S. Trustee Fees | $325 - $750 per quarter (estimated) | Quarterly fees, as required by 28 U.S.C. § 1930(a)(6), shall be paid until a final decree is entered or the case is dismissed or converted. |
| TOTAL | $60,000 | |

Court Approval of Fees Required:

Requests by professionals for payment of fees and costs are generally subject to review and approval by the Court.  Fees of the Court Clerk and the Office of the United States Trustee are not subject to Court approval and may be paid in the ordinary course of business when due.

- **Priority Tax Claims**

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8).  The Code requires that each holder of such a 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding five years from the date of the Plan. The Debtor does not believe that there are any unpaid tax claims at this time.

- **Classified Claims And Interests**

**Class 1 -** *Secured Claim of The Bank of New York Mellon et al c/o BAC Home Loans Servicing, LP*

Claim/Collateral:  The Bank of New York Mellon has an estimated claim of $1,008,578 according to its proof of claim which is secured by a first priority deed of trust on the Debtor's rental property located at 804 S. Leland, San Pedro, CA (the "Leland Property").

Impaired/Not Impaired: The Class 1 Claim is impaired under the Plan.

Treatment: The Debtor will do one of two things with this debt and this property at the option of Bay Area Financial, Class 2:  He will transfer the Leland Property into a new LLC to be owned by himself and a new investor; or, he will stipulate to relief from stay and allow Bay Area Financial to foreclose.  In the event that Bay Area agrees to permit the transfer and refrain from foreclosing for one year, the obligation of the Debtor to BAC on its Class 1 Claim will be paid by the new LLC in monthly installments of $4,497 until paid

in full.  The first payment will be made on April 1, 2010 and will continue every month thereafter on the first of each month until April 1, 2040 with a balloon payment of the full amount then due on April 1, 2015.  Until paid in full, the debt will accrue interest at the rate of 6% fixed per annum.  The remainder of the Class 1 claim will be treated with and paid with the unsecured creditors class 15.

Comments:    The property securing this lien, a four-plex which is fully occupied, is valued by the Debtor at $760,000 as of the petition date, or $190,000 per unit.  On the petition date, the Debtor was in the process of converting the Leland Property to a condominium complex however that process has stalled due to lack of funds and the failure of Bank of America to sign a preliminary map.  The engineer working on the project has left and a new one will have to be hired.

**Class 2 -** *Secured Claim of Bay Area Financial*

Claim/Collateral:  Bay Area Financial has an estimated claim of $455,000 which is secured by a second priority deed of trust on the Debtor's rental property located at 804 S. Leland, San Pedro, CA (the "Leland Property").

Impaired/Not Impaired: The Class 2 Claim is impaired under the Plan.

Treatment: The obligation of the Debtor to Bay Area Financial on its Class 2 Claim will be treated as unsecured and paid with the Class 15 creditors.  The Debtor will do one of two things with this debt and this property at the option of Bay Area Financial, Class 2: He will transfer the Leland Property into a new LLC to be owned by himself and a new investor; or, he will stipulate to relief from stay and allow Bay Area Financial to foreclose.

Comments:

**Class 3 -** *Secured Claim of Lori Chevalier*

Claim/Collateral:  Lori Chevalier has an estimated claim of $100,000 which is secured by a third priority deed of trust on the Debtor's rental property located at 804 S.

Leland, San Pedro, CA (the "Leland Property") and third priority deed of trust on the

Debtor's rental property located at 605 S. Pacific Ave., San Pedro, CA (the "Pacific

Property") .

Impaired/Not Impaired: The Class 3 Claim is impaired under the Plan.

Treatment:  The obligation of the Debtor to Lori Chevalier on her Class 3 Claim

will be paid in monthly installments of $583 until paid in full.  The first payment will be

made on April 1, 2010 and will continue every month thereafter on the first until April 1,

2015 at which time the loan will be paid in full.  Until paid in full, the debt will accrue

interest at the fixed rate of 7% per annum.

Comments:      This creditor is unsecured as to the Leland Property and fully

secured as to the Pacific Property.


**Class 4 -** *Secured Claim of Banco Popular*

Claim/Collateral:  Banco Popular has an estimated claim of $516,000 which is

secured by a first priority deed of trust on the Debtor's rental property located at 623 W. 8th

Street, San Pedro, CA (the "8th Street Property").   The interest on the loan is adjustable

with a floor of 6%.  The Debtor was current on this loan on the petition date and has

remained current throughout this case.

Impaired/Not Impaired: The Class 4 Claim is impaired under the Plan.

Treatment: The obligation of the Debtor to Banco Popular on its Class 4 Claim will

be paid in monthly installments of $2,930 until paid in full.  The first payment will be

made on May 1, 2010 and will continue every month thereafter on the first until May 1,

2015 at which time the loan will be paid in full.  Until paid in full, the debt will accrue

interest at the fixed rate of 5.5% per annum.   Any arrearage will be added to the principal

balance and paid in full at the end of the original term of the loan.

Comments:   The property securing this lien, a six unit apartment building, which is

fully occupied, is valued by the Debtor at $1,080,000 as of the petition date.  On the

**LAW OFFICES**
M. Jonathan Hayes

DEBTOR'S CHAPTER 11 PLAN

petition date, the Debtor was in the process of converting the 8th Street Property to a condominium complex however that process has stalled due to lack of funds. The engineer working on the project has left and a new one will have to be hired. The increase in the value of the 8th Street Property after the conversion is speculative although the Debtor believes the value will increase up to $1,385,000 based on an appraisal.

No new loan documents will be required. The terms of the original loan will remain except as modified herein. The Debtor will continue to pay a monthly impound amount sufficient to pay the property taxes.

**Class 5 -** *Secured Claim of Bay Area Financial*

Claim/Collateral: Bay Area Financial has an estimated claim of $1,115,000 which is secured by a second priority deed of trust on the Debtor's rental property located at 623 W. 8th Street, San Pedro, CA (the "8th Street Property"). The interest rate on the loan is adjustable and is presently at 8.25%.

Impaired/Not Impaired: The Class 5 Claim is impaired under the Plan.

Treatment: The obligation of the Debtor to Bay Area Financial on its Class 5 Claim will be paid $760,000 in monthly installments of $3,942. The first payment will be made on April 1, 2010 and will continue every month thereafter on the first day of each month until April 1, 2015 at which time the remainder will be paid in full. Until paid as set forth herein, the debt will accrue interest at the fixed rate of 5.5% per annum. The balance of the amount owed by the Debtor will be treated as unsecured and paid with the unsecured class.

Comments: On the Effective Date, the loan will be cured and no longer in default. No new loan documents will be required. The terms of the original loan will remain except as modified herein.

**Class 6** - *Secured Claim of One West Bank*

Claim/Collateral:  One West Bank, successor-in-interest to IndyMac Bank, has an estimated claim of $627,000 which is secured by a first priority deed of trust on the Debtor's rental property located at 448 W. 14th Street, San Pedro, CA (the "448 14th Street Property").

Impaired/Not Impaired: The Class 6 Claim is impaired under the Plan.

Treatment: The obligation of the Debtor to One West Bank on its Class 6 Claim will be paid $500,000 in monthly installments of $2,626.  Until paid in full, the loan will accrue interest at the fixed rate of 5.75% per annum.  The first payment will be made on May 1, 2010 and will continue every month thereafter on the first of each month until May 1, 2040.  The balance of the amount owed by the Debtor will be treated as unsecured and paid with the unsecured class.

Comments:    The property securing this lien is a four-plex, which is fully occupied. The property was appraised as of January 15, 2010 for $500,000 and is valued at that amount by the Debtor as of the petition date.

On the Effective Date, the loan will be cured and no longer in default.  No new loan documents will be required.   The Debtor will continue to pay a monthly impound amount sufficient to pay the property taxes.

**Class 7 -** *Secured Claim of One West Bank*

Claim/Collateral:  One West Bank, successor-in-interest to IndyMac Bank, has an estimated claim of $479,000 which is secured by a first priority deed of trust on the Debtor's rental property located at 239 W. 14th Street, San Pedro, CA (the "239 14th Street Property").

Impaired/Not Impaired: The Class 7 Claim is impaired under the Plan.

Treatment: The obligation of the Debtor to One West Bank on its Class 6 Claim will be paid $325,000 in monthly installments of $2,043.  The first payment will be made

1  on May 1, 2010 and will continue every month thereafter on the first until May 1, 2040.

2  The balance of the amount owed by the Debtor will be treated as unsecured and paid with

3  the unsecured class.

4     Comments:    The property securing this lien, a tri-plex, which is fully occupied.

5  The property was appraised as of January 15, 2010 for $325,000 and is valued at that

6  amount by the Debtor as of the petition date.   The rear detached unit has been completely

7  refurbished after the tenant was evicted for damages.   On the Effective Date, the loan will

8  be cured and no longer in default.   No new loan documents will be required.   The terms of

9  the original loan will remain except as modified herein.   The Debtor will continue to pay a

10  monthly impound amount sufficient to pay the property taxes.

11

12     **Class 8 -** *Secured Claim of Chase Home Loans*

13     Claim/Collateral:  Chase Home Loans has an estimated claim of $815,000 which is

14  secured by a first priority deed of trust on the Debtor's rental property located at 605 S.

15  Pacific Ave., San Pedro, CA (the "Pacific Property").   The interest rate on this loan is

16  adjustable with a floor of 6%.   The loan is not in default.

17     Impaired/Not Impaired: The Class 8 Claim is impaired under the Plan.

18     Treatment: The obligation of the Debtor to Chase Home Loans on its Class 8 Claim

19  will be paid in full in monthly installments of $4,627.   The first payment will be made on

20  April 1, 2010 and will continue every month thereafter on the first until April 1, 2020 at

21  which time the balance will be paid in full.   Until paid in full, the debt will accrue interest

22  at the rate of 5.5% per annum.   The arrearage will be added to the principal balance and

23  paid in full at the end of the original term of the loan.

24     Comments:    The property securing this lien is a seven unit retail and office

25  building that the Debtor values at $1,450,000.   No new loan documents will be required.

26  The terms of the original loan will remain except as modified herein.   The Debtor will

27  continue to pay $1,500 into the impound account to be used by Chase to pay the property

28

taxes as they become due.

### Class 9 - *Secured Claim of Phillip Schoenwetter*

Claim/Collateral:  Phillip Schoenwetter has an estimated claim of $100,000 which is secured by a second priority deed of trust on the Debtor's rental property located at 605 S. Pacific Ave., San Pedro, CA (the "Pacific Property").

Impaired/Not Impaired: The Class 9 Claim is impaired under the Plan.

Treatment: The obligation of the Debtor to Phillip Schoenwetter on his Class 9 Claim will be paid in full in monthly installments of $583 interest only until paid in full. The first payment will be made on April 1, 2010 and will continue every month thereafter on the first until April 1, 2015.  Until paid in full, the debt will accrue interest at the rate of 7% per annum.   The arrearage will be added to the principal balance and paid in full at the end of the original term of the loan.

Comments:    On the Effective Date, the loan will be cured and no longer in default. No new loan documents will be required.  The terms of the original loan will remain except as modified herein.

### Class 10 - *Secured Claim of Peter Mitchell*

Claim/Collateral:  Peter Mitchell, the Debtor's brother, has an estimated claim of $100,000 which is secured by a third priority deed of trust on the Debtor's rental property located at 605 S. Pacific Ave., San Pedro, CA (the "Pacific Property").

Impaired/Not Impaired: The Class 10 Claim is impaired under the Plan.

Treatment: The obligation of the Debtor to Peter Mitchell on his Class 10 Claim will be paid in monthly installments of $750 until paid in full.  The first payment will be made on April 1, 2010 and will continue every month thereafter on the first until April 1, 2015.  Until paid in full, the debt will accrue interest at the rate of 7% per annum.   The

LAW OFFICES
M. Jonathan Hayes

DEBTOR'S CHAPTER 11 PLAN

1  arrearage will be added to the principal balance and paid in full at the end of the original

2  term of the loan.

3      <u>Comments:</u>    On the Effective Date, the loan will be cured and no longer in default.

4  No new loan documents will be required.  The terms of the original loan will remain

5  except as modified herein.

6

7  **Class 11 -** *Secured Claim of One West Bank*

8      <u>Claim/Collateral:</u>  One West Bank has an estimated claim of $1,532,000 which is

9  secured by a first priority deed of trust on the Debtor's residence located at 3609 Seahorn

10  Dr., Malibu, CA (the "Residence").   The loan is in arrears four monthly payments.  The

11  regular monthly payments on this loan are $9,187 and the interest rate is 5.75%.

12      <u>Impaired/Not Impaired:</u> The Class 11 Claim is not impaired under the Plan.

13      <u>Treatment:</u> The obligation of the Debtor to One West Bank on its Class 11 Claim

14  will be paid according to the original terms.  The arrearage will be cured on or before the

15  Effective Date.

16      <u>Comments:</u>    This property was appraised as of January 15, 2010 at $1,450,000.

17  On the Effective Date, the loan will be cured and no longer in default.  No new loan

18  documents will be required.  The terms of the original loan will remain except as modified

19  herein.

20

21  **Class 12 -** *Secured Claim of One West Bank*

22      <u>Claim/Collateral:</u>  One West Bank has an estimated claim of $209,000 which is

23  secured by a first priority deed of trust on raw land owned by the Debtor in Topanga.

24      <u>Impaired/Not Impaired:</u> The Class 12 Claim is impaired under the Plan.

25      <u>Treatment:</u> The obligation of the Debtor to One West Bank on its Class 12 Claim

26  will be paid $175,000 in monthly installments of $729 until paid in full.  The first payment

27

28

will be made on April 1, 2010 and will continue every month thereafter on the first until April 1, 2015.  Until paid in full, the debt will accrue interest at the rate of 5% per annum.

Comments:    On the Effective Date, the loan will be cured and no longer in default. No new loan documents will be required.  The terms of the original loan will remain except as modified herein.

**Class 13 -** *Secured Claim of Los Angeles County Tax Assessor*

Claim/Collateral:  Los Angeles County Tax Assessor has an estimated claim of $101,083.83 according to its proof of claim filed on or about December 17, 2009.

Impaired/Not Impaired: The Class 12 Claim is impaired under the Plan.

Treatment: The obligation of the Debtor to Los Angeles County will be paid in full in monthly installments of $1,985.00.  This amount will be adjusted by payments that are made otherwise to impound accounts sufficient to pay the taxes on certain properties and by the amount owed on Leland if that property is surrendered.

**Class 14** – *Priority Unsecured Claims*

Claims: Certain priority claims specified in Sections 507(a)(3), (4), (5), (6), and (7) of the Bankruptcy Code are required to be classified in the Plan.  Each class of priority claims must be paid in cash in full on the Effective Date of the Plan unless the holders of such claims vote, as a class, to accept deferred payments.  In the present case, the Debtors estimate that there are no such priority claims.  However, if such claims arise they will be treated as follows:

Impaired/Not Impaired:  Class 14 Allowed Priority Claims are not impaired under the Plan.

Treatment:    On the Effective Date, the holders of Class 13 Priority Claims will be paid in cash in full the allowed amount of each Class 6 Priority Claim.

**Class 15** – *Unsecured Claims*

Claims: General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a).  In the present case, the Debtor estimates that there are total unsecured claims of $1,400,000.  Of this amount, $367,000 allegedly owed to Duni and Steel and $270,000 owed to Suzy Frank are contingent, that is, both debts arise out of the Masjedi transaction and are owed by Shannon Masjedi to the creditors.  To this total must be added the unsecured portions of the secured claims as follows:   Bay Area, class 5, $281,000;  One West Bank, class 6, $127,000;   One West Bank, class 7, $154,000;  One West Bank, class 12, $34,000; Wells Fargo Bank on home, $480,000; Bank of America, second on 448 W. 14th St, $91,517.  Thus the total unsecured creditors could be as high as $2,476,000 but is expected by the Debtor to be about $1,830,000.

Impaired/Not Impaired: Class 15 Allowed General Unsecured Claims are impaired under the Plan.

Treatment: Holders of General Unsecured Claims will be paid pro-rata the sum of $2,300 for the first 12 months after the Effective Date; $3,800 for the following 24 months and $5,000 for the remaining 24 months for a total of $238,800 or 13% of total claims without Suzy Frank and Duni Steele.

**Class of Interest Holders**

**Class 16** – Debtor

The Debtor and his wife will retain their ownership interest in their properties.

# III.

## MEANS OF PERFORMING THE PLAN

- ### Funding for the Plan

The Debtor will pay the obligations set forth under this plan from his business income and from rental income he and his wife receive from rental properties. The transfer/abandonment of Leland will remove a significant burden, as will the settlement of litigation. The Debtor's new business is well positioned and his history of earnings is very solid. This reorganization will allow for an increased focus in his twenty-three year mortgage specialty.

### 2. Management of the Reorganized Debtors

The Debtor will continue to manage his business and properties.

### 3. Disbursing Agent

Kenneth R. Farrow shall act as the disbursing agent for the purpose of making the distributions to Class 15 provided for under the Plan. The Disbursing Agent shall receive 10% of the monthly payment as compensation.

### 4. Distributions

Cash payments made pursuant to the Plan shall be in U.S. dollars by checks drawn on domestic bank selected by the Disbursing Agent. Notwithstanding any other provisions of the Plan, no distributions will be made on account of claims in de minimis amounts of less than $50.00.

Any distributions under the Plan that are unclaimed or undeliverable for a period of six (6) months after distribution thereof shall be revested in the Reorganized Debtors, free of any restrictions thereon, and any entitlement of any holder of any claim to such distribution shall be extinguished and forever barred

**LAW OFFICES**
M. Jonathan Hayes

DEBTOR'S CHAPTER 11 PLAN

# IV.

## TREATMENT OF MISCELLANEOUS ITEMS

### Executory Contracts and Unexpired Leases

- **Assumptions**

1. Executory Contracts and Unexpired Leases

    a. Assumptions

The Debtor does not believe that he has any executory contracts or leases.

The Debtor reserves the right to modify the Plan to designate additional contracts or leases to be assumed at any time prior to the hearing on Confirmation of the Plan.

On the Effective Date, each of the unexpired leases and executory contracts so designated shall be assumed as obligations of the Reorganized Debtor. The Confirmation Order shall constitute an Order approving the assumption of each lease and contract. If you are a party to a lease or contract to be assumed and you object to the assumption of your lease or contract, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

    b. Rejections

Any unexpired lease or executory contract not expressly rejected shall be deemed assumed as of the Effective Date. The Debtor reserves the right to modify the Plan to designate certain contracts or leases for rejection at any time prior to the hearing on confirmation of the Plan.

The order confirming the Plan shall constitute an order approving the rejection of such leases and contracts. If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan. See Disclosure Statement for the specific date.

THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING

FROM THE REJECTION OF A LEASE OR CONTRACT IS THIRTY DAYS AFTER THE EFFECTIVE DATE.  Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

**V.**

**CHANGES IN RATES SUBJECT TO REGULATORY COMMISSION APPROVAL**

The Debtor is not subject to governmental regulatory commission approval of its rates.

- **Retention of Jurisdiction.**

The Court will retain jurisdiction to the fullest extent provided by law.

**VI.**

**EFFECT OF CONFIRMATION OF PLAN**

- **Discharge**

This Plan provides that the Debtor shall be discharged of liability for payment of debts incurred before confirmation of the Plan, to the extent specified in 11 U.S.C. § 1141.  However, the discharge will not discharge any liability imposed by the Plan.  The discharge will not be entered until the Debtor has made all of the payments required to be made to the Class 15 creditors under the plan.

- **Revesting of Property in the Debtor**

From and after the Effective Date, the Reorganized Debtors may operate and may use, acquire, and dispose of property, and compromise and settle any claims or causes of actions without supervision or consent of the Bankruptcy Court and is free of any restrictions of the Bankruptcy Code or Bankruptcy Rules.

The Reorganized Debtor shall have, retain, reserve and be entitled to assert all

claims, causes of action, including, but not limited to, rights of setoff and other legal or equitable defenses that the Debtor had immediately prior to the Petition Date as fully as if the Debtor's bankruptcy case had not been commenced; and all of the Reorganized Debtor's legal and equitable rights respecting any such claim which is not specifically waived, extinguished, relinquished or transferred by the Plan may be asserted after the Effective Date.

- ### Modification of Plan

The Debtor may modify the Plan at any time before confirmation.  However, the Court may require a new disclosure statement and/or revoting on the Plan if the Proponents modify the Plan before confirmation unless certain exceptions apply.

The Proponent may also seek to modify the Plan at any time after confirmation so long as (1) the Plan has not been substantially consummated and (2) if the Court authorizes the proposed modifications after notice and a hearing.

- ### Post-Confirmation Employment and Compensation of
  ### Reorganized Debtor's Professionals

After the Confirmation Date, the Reorganized Debtor may employ, without notice, hearing, or order of the Bankruptcy Court, such attorneys, accountants, and other professionals (the "Post-confirmation Professionals") as it may desire to render services on such terms as it deems reasonable.  With respect to services rendered by the Post-confirmation Professionals, the Reorganized Debtor shall be authorized to pay for such services, related costs, and expenses without notice, hearing, or order of the Bankruptcy Court.

- ### Post-Confirmation Status Report

Within 120 days of the entry of the order confirming the Plan, the Proponent shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan.  The status report shall be served on the United

States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice.  Further status reports shall be filed every 120 days and served on the same entities, until the entry of a final decree and the closing of the case.

- **Post-Confirmation Conversion/Dismissal**

A creditor or party in interest may bring a motion to convert or dismiss the case under § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan.  If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Court during this case.

- **Final Decree**

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Proponent, or such other party as the Court shall designate in the Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.

Date:    April 20, 2010


Ian F. Mitchell
Name of Plan Proponent


_____/s/  M. Jonathan Hayes
Signature of Attorney for Plan Proponent


M. Jonathan Hayes
Attorney for Plan Proponent


Law Office of M. Jonathan Hayes
Name of Law Firm for Plan Proponent

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 9700 Reseda Blvd., Ste 201, Northridge, CA 91324.

The foregoing document described as **DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 4/21/10 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Arturo M Cisneros     arturo@mclaw.org

- Scott C Clarkson     sclarkson@lawcgm.com

- Nicolas A Daluiso     ndaluiso@robinsontait.com

- Christine M Fitzgerald     cfitzgerald@lawcgm.com

- M Jonathan Hayes     jhayes@polarisnet.net

- Yale K Kim     ykim@allenmatkins.com

- Kary R Kump     dolores@jfarley.com

- Mitchell B Ludwig     mbl@kpclegal.com

- David F Makkabi     cmartin@pprlaw.net

- Eve A Marsella     emarsella@lawcgm.com

- S Margaux Ross     margaux.ross@usdoj.gov

- United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov

- Craig A Welin     cwelin@frandzel.com, efiling@frandzel.com;smargetis@frandzel.com

Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:** On 4/21/10, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**Hon. Geraldine Mund**
United States Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

1  | John A Crose
   | Isaacs Clouse Crose & Oxford
2  | 21515 Hawthorne Boulevard Suite 950
   | Torrance, CA 90503
3  |
   | Byron Fuentes
4  | City of Los Angeles
   | 221 N Figueroa St Ste 400
5  | Los Angeles, CA 90012
6  | Robert Hindin
   | 11400 W Olympic Blvd #1510
7  | Los Angeles, CA 90064
8  | Cynthia Martin
   | 29350 W Pacific Coast Highway Ste 12
9  | Malibu, CA 91364-6512

10

11  Service information continued on attached page

12  **III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR
    EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5
13  and/or controlling LBR, on --**09** I served the following person(s) and/or entity(ies) by
    personal delivery, or (for those who consented in writing to such service method), by
14  facsimile transmission and/or email as follows. *Listing the judge here constitutes a
    declaration that personal delivery on the judge* <u>*will be*</u> *completed no later than 24 hours*
15  *after the document is filed.*

16
17  ☐  Service information continued on attached page

18  I declare under penalty of perjury under the laws of the United States of America that the
    foregoing is true and correct.

19   4/21/10    MJ Hayes _____    /s/ MJ Hayes _____
20   *Date*                    *Type Name*                *Signature*

21

22

23

24

25

26

27

28