M. Jonathan Hayes (Bar No. 90388)
Roksana D. Moradi (Bar No. 266572)
**Law Offices of M. Jonathan Hayes**
9700 Reseda Blvd., Suite 201
Northridge, CA 91324
Telephone: (818) 882-5600
Facsimile: (818) 882-5610
jhayes@polarisnet.net
rdmlaw@ymail.com

Attorneys for Debtor
Ian F. Mitchell

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>IAN F. MITCHELL,<br><br>Debtor. | Case No. 1:09-bk-23919-GM<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION TO APPROVE SETTLEMENT OF CLAIMS BETWEEN CREDITOR BAY AREA FINANCIAL CORP. AND DEBTOR IAN F. MITCHELL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF IAN F. MITCHELL**<br><br>(No Hearing Scheduled Pursuant to LBR 9013-1(o).) |

TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY JUDGE, CREDITOR BAY AREA FINANCIAL CORP. AND ITS ATTORNEY OF RECORD, ALL PARTIES IN INTEREST INDIVIDUALLY AND BY AND THROUGH THEIR LEGAL COUNSEL OF RECORD:

1    **PLEASE TAKE NOTICE** that the Debtor, Ian Mitchell (hereinafter "Mitchell" or
2 the "Debtor"), by and through his attorney, M. Jonathan Hayes, moves this Court for an
3 Order Approving a Settlement entered into between the Debtor and Bay Area Financial
4 Corporation.  A copy of the Settlement Agreement and a Letter Agreement modifying the
5 settlement is attached hereto.

6    The basis for the motion is that the settlement is in the best interests of the creditors.
7 By the settlement, the Debtor agrees to give up any rights he has to two rental properties he
8 owned in return for agreed bidding procedures which help the Debtor with the tax
9 consequences of the foreclosure sale.  In addition, the Debtor will receive $25,000 from
10 Bay Area as set forth in the agreements.

11    Said ground is supported by this notice of motion, by the motion and the pleadings
12 and papers on file in this bankruptcy case, and by the declaration in support of petitioner's
13 motion for loan modification approval filed herewith.

14    This Motion is brought pursuant to Local Rule 9013(g) which states:

15    **(g) MOTIONS AND MATTERS NOT REQUIRING A**
16    **HEARING**

17    (1) Matters That May Be Determined Upon Notice and Opportunity to
18    Request Hearing.

19    (OPTIONAL PROCEDURE) Upon not less than 14 days notice to
20    such creditors and interested parties who are entitled to notice of the
21    particular matter, orders may be obtained on the following types of motions
22    without a hearing unless one is specifically requested by filing and serving a
23    written response that complies with Local Bankruptcy Rule 9013-1(a)(7) and
24    request for hearing within 14 days of the date of service of the notice.

**LAW OFFICES**
M. Jonathan Hayes

MOTION TO APPROVE
SETTLEMENT

2

1  If any party in interest desires to object to the request herein, that party must file
2  and serve a written objection and request a hearing within 14 days of the service of this
3  notice.

4  **Wherefore**, the Debtor requests the Court issue its order approving the stipulation
5  between the Debtor and Bay Area Financial.

6
7  DATED:  August 10, 2010        **LAW OFFICES OF M. JONATHAN**
8                                                                      **HAYES**
9
10                                                         **By:   /s/  M. Jonathan Hayes**
                                                                        **M. Jonathan Hayes**
11                                                                     **Roksana D. Moradi**
                                                                        *Attorneys for Debtor*
12                                                                      Ian F. Mitchell
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAW OFFICES**
M. Jonathan Hayes

MOTION TO APPROVE
SETTLEMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This Motion concerns the settlement between Debtor Ian F. Mitchell; (hereinafter "Debtor") and Bay Area Financial Corp. (hereinafter Bay Area) with regard to two properties owned by the Debtor, 804 South Leland, San Pedro, California (hereinafter "Leland Property") and 623 West 8th Street, San Pedro, California (hereinafter "8th Street Property"). A copy of the settlement agreement and a subsequent letter modifying certain of the terms is attached hereto as **Exhibits "A" and "B."**

On March 16, 2010, Bay Area Financial filed two Motions for Relief seeking relief from stay to foreclose their second priority lien interests in the above stated properties. The parties entered into adequate protection agreements but later Orders Granting Relief from Stay were entered by the Court as to both properties. Notwithstanding relief, the Debtor was determined to retain the properties by providing for treatment of the Bay Area obligations in his Plan of Reorganization. Bay Area was not satisfied with its treatment in the Plan and began to conduct discovery regarding the Plan.

Bay Area and the Debtor agreed to go to mediation and met with Raymond H. Aver on May 19, 2010. At the mediation, the Debtor and Bay Area reached a global resolution of the issues with respect to the two properties as follows: The Debtor agreed to cooperate with the foreclosure sale and turn over the net rents to Bay Area beginning June 1, 2010 in exchange for a payment from Bay Area of $25,000 when the foreclosures are completed and for certain bidding instructions which will help the Debtor with respect to the tax consequences of the sales. The parties signed a Stipulation at the mediation. A copy of that Stipulation is attached hereto as **Exhibit "A."**

Later, an issue arose as to the foreclosure bidding procedures agreed to by the parties at the mediation and the parties agreed to modify those procedures. A copy of the letter agreement dated June 17, 2010 is attached hereto as **Exhibit "B."**

The terms of the agreement were set forth in the Debtor's Second Amended Disclosure Statement which was approved by the Court on July 20, 2010 and has been mailed to all creditors. A hearing on confirmation of the Plan is set for September 14, 2010.

## II.

## ARGUMENT

## THE SETTLEMENT IS A REASONABLE EXERCISE OF BUSINESS JUDGMENT AND IS IN THE BEST INTEREST OF THE CREDITORS AND THE ESTATE, AND THEREFORE SHOULD BE APPROVED PURSUANT TO FRBP 9019

Federal Bankruptcy Rule 9019 authorizes the debtor in possession to compromise a controversy upon filing of a motion to approve the compromise. The Settlement Agreement represents such a compromise. In general, the focus of the inquiry in reviewing compromises is whether the settlement is reasonable under the particular circumstances of each case. *In re Colortran, Inc*., 210 B.R. 823 (9th Cir. BAP 1997); *In re Schmitt*, 215 B.R. 417 (9th Cir. BAP 1997). This inquiry does not require the Bankruptcy Court to actually decide the numerous questions of law and fact with respect to the merits of litigation, rather to "canvass the issues and see whether the settlement falls below the lowest point in of the range of reasonableness." *In re Heissenger Resources, Ltd*., 67 B.R. 378, 382 (C.D. Ill. 1986).

The Ninth Circuit has identified the following factors among those to be considered in determining whether a settlement is fair and equitable under FRBP 9019: (1) the probability of successful litigation; (2) any impediment to collection; (3) the complexity, expense, inconvenience and delay of litigation; and (4) the interest of creditors with deference to their reasonable opinions. *In re A & C Properties*, 784 F.2d 1377 (9th Cir. 1986).

**LAW OFFICES**
M. Jonathan Hayes

MOTION TO APPROVE SETTLEMENT

1  The Debtor respectfully submits that an analysis of the foregoing factors strongly
2  supports approval of the subject Settlement Agreement.

### A.  Probability of Success and Complexity of Litigation

The issues which the Debtor seeks to compromise will be multi-faceted and complex both legally and factually. The Debtor desired to keep the two properties which were significantly "underwater" by stripping down or stripping off the liens of Bay Area. The two properties were partially completed "condo conversions" which required additional funds and time to complete the conversion and then sell the properties as condos. Bay Area in turn believed that a foreclosure of the properties and possible resale would result in the maximum recovery for it and especially did not want its liens reduced and then paid over a number of years. Bay Area's determination to prevent a cramdown of its liens and debt would have considerably increased the cost of getting any plan confirmed.

### B. Complexity, Expense, Inconvenience and Delay of Litigation

As the Debtor has not received significant opposition to his plan to date, the settlement with Bay Area has significantly reduced the cost and com[plexity of getting the plan confirmed.

### C.  Creditor Interests

The proposed Settlement Agreement, if approved, saves the Debtor attorneys fees and costs. The proposed Settlement Agreement helps insure that there will not be any delays in getting payment to the unsecured creditors. This settlement therefore has a beneficial impact on general unsecured creditors.

**LAW OFFICES**
M. Jonathan Hayes

MOTION TO APPROVE
SETTLEMENT

# III.

# CONCLUSION

By reason of the arguments set forth above, the Debtors believe that the settlement with Bay Area Financial Corp. is in the best interest of the estate. It resolves an issue which could be litigated for many months and which therefore could result in a delay in making payments to the creditors of the estate. Accordingly, the Debtor's Motion to Approve Compromise should be granted.

DATED: August 10, 2010    **LAW OFFICE OF M. JONATHAN HAYES**

    **By:  /s/  M. Jonathan Hayes**
        **M. Jonathan Hayes**
        **Roksana D. Moradi**
        *Attorneys for Debtor*
        Ian F. Mitchell

# SUPPORTING DECLARATION OF DEBTOR
# IAN F. MITCHELL

I, Ian F. Mitchell, declare and state as follows:

1. I am an adult over the age of eighteen (18) years and a resident of Los Angeles County. I know all matters herein to be true, except as to those matters stated under information and belief, and as to those matters, I believe them to be true. I am a Debtor in this Chapter 11 case.

2. A true and correct copy of the settlement agreement and a subsequent letter modifying certain of the terms is attached hereto as **Exhibits "A" and "B."**

3. While I was hopeful of retaining the two rental properties that this settlement deals with and complete the condo conversions contemplated, I agreed with Bay Area to cooperate with the foreclosure sale and turn over the net rents to Bay Area beginning June 1, 2010 in exchange for a payment from Bay Area of $25,000 when the foreclosures are completed and for certain bidding instructions which will help me with respect to the tax consequences of the sales.

4. The properties had more debt than they were worth and were negative cash flows but I thought could be valuable in the future. This settlement will remove a significant impediment to getting my plan confirmed without the cost and complexity of getting it confirmed over Bay Area's objection.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and executed this 10th day of August, 2010, in Northridge, County of Los Angeles, State of California.

/s/ Ian F. Mitchell
Declarant Ian F. Mitchell

**LAW OFFICES**
M. Jonathan Hayes

MOTION TO APPROVE
SETTLEMENT

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 9700 Reseda Blvd., Suite 201, Northridge, CA 91324

A true and correct copy of the foregoing document described **NOTICE OF MOTION AND MOTION TO APPROVE SETTLEMENT OF CLAIMS BETWEEN CREDITOR BAY AREA FINANCIAL CORP. AND DEBTOR IAN F. MITCHELL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF IAN F. MITCHELL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **08/10/2010** checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Arturo M Cisneros    arturo@mclaw.org
- Scott C Clarkson    sclarkson@lawcgm.com
- Nicolas A Daluiso    ndaluiso@robinsontait.com
- Christine M Fitzgerald    cfitzgerald@lawcgm.com
- M Jonathan Hayes    jhayes@polarisnet.net
- Yale K Kim    ykim@allenmatkins.com
- Kary R Kump    dolores@jfarley.com
- Mitchell B Ludwig    mbl@kpclegal.com
- David F Makkabi    cmartin@pprlaw.net
- William Malcolm    bill@mclaw.org
- Eve A Marsella    emarsella@lawcgm.com
- S Margaux Ross    margaux.ross@usdoj.gov
- Nathan F Smith    nathan@mclaw.org
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Craig A Welin    cwelin@frandzel.com, efiling@frandzel.com;smargetis@frandzel.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:** On **08/10/2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

John A Crose
Isaacs Clouse Crose & Oxford

1  21515 Hawthorne Boulevard Suite 950
Torrance, CA 90503

2  Byron Fuentes
City of Los Angeles
3  221 N Figueroa St Ste 400
Los Angeles, CA 90012

4

5  Robert Hindin
11400 W Olympic Blvd #1510
Los Angeles, CA 90064

6

7  Cynthia Martin
29350 W Pacific Coast Highway Ste 12
Malibu, CA 91364-6512

8

9  ☐ Service information continued on attached page

10

11 **III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **07/20/2010** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

14

☐ Service information continued on attached page

15

16  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

17  **08/10/2010        Roksana D. Moradi                    /s/ Roksana D. Moradi**
*Date           Type Name                              Signature*

18

19

20  1st Bank Yuma
2755 S. 4th Ave., Bldg 2 Suite 101
Yuma, AZ 85364

21

22  April Corley
5566 Strohm Ave.
North Hollywood, CA 91601

23

24  Arkin, Sneddon & & Co.
6355 Topanga Canyon Blvd, Ste 225
Woodland Hills, CA 91367

25

26  Bank of America
P.O, Box 15026
Wilmington, DE 19850-5026

27  Bank of America Home Loans
P.O. Box 5170

28

**LAW OFFICES**
M. Jonathan Hayes

MOTION TO APPROVE
SETTLEMENT

10

```
Simi Valley, CA 93062-5170

Bay Area Financial Corp.
12400 Wilshire Blvd., Suite 230
Los Angeles, CA 90025

Chase Mastercard
PO Box 15298
Wilmington, DE 19850-5298

Chester Swenson
3829 Mainsail Circle
Westlake Village, CA 91361

City National Bank
P.O. Box 60938
Los Angeles, CA 90060-0938

Diversified Risk Management, Inc.
8132 Firestone Blvd, Ste 862
Downey, CA 90241

Home Depot
P.O. Box 689100
Des Moines, IA 50368-9100

Mam Wealth Management Real Estate I
15456 Ventura Blvd, No. 302
Sherman Oaks, CA 91403

Marketing & Financial Management En
30497 Canwood St., #101
Agoura Hills, CA 91301

Michael & Lori Chevalier 2003 Trust
P.O. Box 2037
Venice, CA 90294

Noels Pools
P O Box 5884
Sherman Oaks, CA 91413

Peter Mitchell
112 Singletree Ridge
Telluride, CO 81435

Phillip & Janet Schoenwetter
1366 West 7th Street
San Pedro, CA 90732

RBZ Investment Incentive
11755 Wilshire Blvd., Ninth Floor
Los Angeles, CA 90025

Ronald Kolodziej
c/o Joseph P. Costa
1221 Second Street, 3rd Floor
Santa Monica, CA 90401
```

**LAW OFFICES**
M. Jonathan Hayes

MOTION TO APPROVE
SETTLEMENT

2

```
Wells Fargo
PO Box 54780
Los Angeles, CA 90054-0780

Whitson Engineers
9699 Blue Larkspur Lane, #105
Monterey, CA 93940
```